MARTHA A. HUTCHINSON *vs.* BOSTON GAS LIGHT COMPANY.

Suffolk.   Nov. 16, 1876. — March 7, 1877.   AMES & LORD, JJ., absent.

In an action against a gas light company for injuries sustained while escaping from a burning building in Boston, on the night of November 10, 1872, the fire being caused by an explosion of gas, there was evidence, on the issue of the defendant's negligence, that the great fire of November 9, 1872, though under control, was still burning; that the mains and pipes of the defendant were broken by the fall of heavy buildings, causing leakage; that gas was escaping throughout the burnt district; that explosions were frequent; that gas accumulated in sewers and cesspools in dangerous quantities; that the defendant, notwithstanding the gas escaped as constantly as it was manufactured, continued to manufacture it through the day of November 10th; that the streets in the vicinity were filled with rubbish from the falling walls; that on the morning of November 10 the defendant was notified by the porter of the building that gas was escaping, and especially from the next building; and that the defendant had a large number of valve boxes in the vicinity, which were not closed, but there was no evidence that the fire was caused by the leak of which the defendant was notified in the morning, or that, by shutting the valves in the vicinity, the escape of gas would have been stopped, or that it was practically possible to get at the valves for that purpose. *Held*, that negligence could not be inferred from the happening of the accident; and that, on this evidence, the jury would not be warranted in finding that the defendant was guilty of negligence.

TORT for injuries sustained by the plaintiff in jumping from a burning building near the corner of Washington Street and Summer Street in Boston, on the night of November 10, 1872, the fire being alleged to have been caused by an explosion of gas, through the defendant's negligence. Trial in this court, before *Lord*, J., who, at the close of the plaintiff's evidence, directed a verdict for the defendant, and reported the case for the consideration of the full court, on the question whether there was any evidence for the jury of the defendant's negligence. If there was such evidence, the verdict was to be set aside and the case stand for trial; otherwise, judgment to be entered on the verdict. The nature of the evidence appears in the opinion.

*F. W. Hurd*, (*E. P. Nettleton* with him,) for the plaintiff.

*R. M. Morse, Jr. & C. P. Greenough*, for the defendant.

COLT, J. The question upon this report is, whether the plain-tiff's evidence would warrant the jury in finding that the de-fendant's negligence was the cause of the fire and the injuries complained of.

There was evidence that the fire, which was communicated to the building, was caused by an explosion of gas in the vicinity, and it is contended that there was evidence tending to show that this gas was negligently permitted by the defendant to escape from the street mains, or suffered afterwards to remain accumu-lated in the neighboring sewers and cesspools in dangerous quan-tities. The fire followed close upon, if it was not in fact a con-tinuation of the great fire of November 9, 1872. That confla-gration, although under control, was still not wholly subdued among the ruins of a large part of the business portion of the city; the streets were full of rubbish from the falling walls. The district was carefully guarded by the military and police force of the city; there were continuous sounds of explosion in different parts of the burned district; multitudes thronged the city to look upon the ruins. In the forenoon of Sunday, the 10th, a heavy gas explosion occurred near the corner of Summer Street and Washington Street, which blew off and broke the sewer cover. There was an unprecedented state of excitement and insecurity, and great efforts on the part of the public au-thorities were needed to restore order and prevent still further calamity.

This state of things is sufficiently disclosed in the evidence reported. The court is bound to take notice of it, in consider-ing the nature and weight of the evidence relied on to prove the defendant's negligence. Upon a careful consideration of that evidence, we are of opinion that there is not enough to justify a verdict for the plaintiff, charging the defendant with negli-gence.

It is clearly not one of those cases where negligence can be inferred from the happening of the accident alone. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312. *Kendall* v. *Boston*, 118 Mass. 234. The burden is on the plaintiff to show some specific act or acts of negligence, and to show further that such negli-gence directly contributed to the result.

It is urged that evidence is found in the failure of the defendant to guard against the effects of the fire of November 9th in deranging their system and destroying their pipes. But there is no rule of law which requires individuals or corporations to provide against an overwhelming calamity which, in the exercise of ordinary prudence, could not have been foreseen. There must be an omission to do something which a reasonable man, acting upon considerations which ordinarily regulate the conduct of human affairs, would do, or the doing something which such a man would not do. Probability of danger is to be taken into account, but not that which arises when the elements, with unprecedented power, overcome all ordinary restraints. We do not find any evidence that the defendant had not made suitable provision against the consequences of all conflagrations in the city, which past experience at that time indicated as necessary or prudent ; or any evidence that the pipes from which the gas escaped were not of suitable material and properly laid ; or that all appliances for the proper distribution or retention of gas were not fully provided ; or that the officers and agents were not properly skilled ; or that the works as a whole, with the system of management adopted, were not adequate to all the reasonable exigencies of the business. It was not shown that any other better system existed. The injury to the pipes and the leakage of gas was caused by the fall of heavy buildings, the excessive heat, and all the destructive agencies of the fire. *Blyth* v. *Birmingham Waterworks Co.* 11 Exch. 781. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123.

The plaintiff further insists that there was negligence, after the fire of November 9th was under control, in not discovering the difficulty and removing the defect or defects. It was proved that the company had the means of knowledge, from pressure gauges and other sources, that the escape of gas was constant, by day and night, as fast as it could be manufactured, and especially that they were expressly informed, as early as seven o'clock on Sunday morning, by the porter of the building occupied by the plaintiff, " that gas was escaping from somewhere," and more especially in the adjoining building.

The plaintiff's counsel at the trial declared that he did not contend that the defendant should have shut off the gas from

the whole city on November 10th, unless all other means of averting danger had been exhausted, but did contend that such other means had not been used. It is not now contended that it was the duty of the company to shut off the gas from the whole city, for that was an act which could not fail to add to the confusion and excitement, and produce great private injury.

As to other omissions of duty, it is true that the vigilance and attention required must conform to the nature of the emergency and the danger to which others may be exposed, and is always to be judged of according to the subject matter, the danger and force of the material under the defendant's charge. *Holly* v. *Boston Gas Light Co.*, above cited. But it is also true that an omission relied on must be one for which there was no reasonable excuse, and especially one that could have been prevented by the reasonable efforts of the company, with such servants and agents as could have been employed. Thus, although there was evidence that the defendant had a large number of valve boxes in the vicinity of the place where the explosion occurred, none of which were closed for the purpose of shutting off the gas, yet it was not shown that, if all had been closed, the leak would have ceased, or that it was practically possible to reach and close them. It is evident that there must have been a great and sudden demand upon all the resources of the company in men and means, to meet the requirements of the occasion. Gas was escaping from all parts of the burned district. There is no evidence that all resources were not exhausted in duties that were equally or more pressing, as they were presented at the time.

As to the failure to respond to the notice given by the porter of the building, it is sufficient to say that there is no evidence that the escaping gas, as described by him, was the cause of any explosion whatever, or that it had anything to do with the burning of this building. It would seem that the fire must have originated at another point on the street. *Emerson* v. *Lowell Gas Light Co.* 3 Allen, 410.

Upon the whole case, we cannot say that a jury would be warranted in finding, upon the plaintiff's evidence, that the defendant did not do everything which could have been at that time reasonably required of it. *Judgment on the verdict.*