CHARLES UGGLA *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.   December 5, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Street Railway — Defective Apparatus — Negligence — Degree of Care.*

If a piece of iron, forming part of the overhead apparatus of an electric street railway, breaks and falls upon a traveller on a highway, injuring him, in an action against the corporation for such injury, if no evidence is offered to explain the breaking, or to show that pains had been taken to make the apparatus safe, the jury will be warranted, from the happening of the accident itself, in finding negligence on the part of the corporation.

In an action against a street railway corporation for personal injuries occasioned

to the plaintiff, while travelling on a highway, by the falling upon him of a piece of iron forming part of the overhead apparatus of the defendant's electric street railway, the jury were instructed that, in determining what would be reasonable care on the defendant's part, they should " take into consideration, as one of the most important things, the apparent danger, what would be likely to happen if there was a failure to use proper care. If the danger is a danger of causing the loss of life, causing death or serious bodily injury to persons travelling upon the street," they might " properly say that reasonable care would be a high degree of care, because it would be the degree of care commensurate with the apparent danger." *Held*, that the defendant had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff, while travelling on a highway, by the falling upon him of a piece of iron forming part of the overhead apparatus of the electric street railway owned and operated by the defendant corporation, in Park Square, in Boston. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which appear in the opinion.

*M. F. Dickinson, Jr. & W. B. Sprout,* for the defendant.

*J. D. Long & C. E. Todd,* for the plaintiff.

BARKER, J. The plaintiff, while driving on Park Square in Boston, was struck by a broken iron attached to a wire guy. The iron was part of an ear, used to clasp a trolley wire and apply to it a strain from the guy, in order to keep the trolley wire in place around a curve and over the defendant's track. The ear broke with the strain, and one part of it fell, striking the plaintiff on his head. As to these facts there was no dispute at the trial, and there was no other evidence that the defendant was in fault. There was, however, other evidence, introduced by the defendant, that it was not guilty of negligence, tending to show that the break was a clean break, bright in color and appearance, and that the iron was sound all through, with no flaw or defect in it, and also that the whole apparatus was manufactured and put up by a manufacturer of the highest reputation ; that the ear and guy constituted the best and strongest device known at the time for keeping trolley wires in place ; that the defendant employed a corps of competent superintendents, foremen, and inspectors, who inspected the whole line weekly, including the ears and their attachments ; and that this particular part of the line had been inspected within a week prior to the accident.

The exceptions taken were to certain portions of the charge to the jury, which the defendant contends were wrong in two respects; first as to the weight which the jury should give to the happening of the accident itself as evidence of the defendant's negligence, and next because the charge held the defendant to too high a degree of care.

1. The part of the charge which the defendant contends is objectionable on the first ground is the sentence in which the presiding justice, after having recited the manner in which, as was conceded, the accident occurred, and having said that if nothing further appeared it would be competent for the jury to find negligence on the part of the defendant, further said, " The plaintiff must prove negligence, but when he proves the facts to which I have called your attention, and nothing else appears in the case, a jury may well find, and should find, negligence on the part of the defendant corporation." In our opinion, this was a correct statement of the law. No one but the defendant was responsible for the safety of its apparatus, and from the circumstances of the accident it would not be reasonable to infer that it was due to the careless or wilful act of any third person, or to any cause except the failure of the apparatus to support the strain to which it was subjected in the use for which it was designed and which was made of it by the defendant. If the defendant should offer no explanation of the breaking, and no evidence that it had taken pains to make the apparatus safe, the only proper inference would be that it had not taken reasonable care to make the apparatus safe, and the jury should find negligence on its part.

Aside from this, the charge was not open to exception because of the sentence quoted, for the reason that the sentence, other facts than those with which it dealt having been testified to, did not purport to give the rule which the jury were to apply to the question of the defendant's negligence, but was a preliminary statement calling the attention of the jury to the degree of weight and importance to be attached to certain admitted facts, (see *Durant* v. *Burt*, 98 Mass. 161, 168,) and the charge further clearly instructed them to consider the question of the defendant's negligence in the light of all the evidence in the case.

2. The charge was correct in its statement of what would be

reasonable care on the part of the defendant. The jury were instructed that in determining that question they should "take into consideration, as one of the most important things, the apparent danger, — what would be likely to happen if there was a failure to use proper care. If the danger is a danger of causing the loss of life, causing death or serious bodily injury to persons travelling upon the street," they were told they might "properly say that reasonable care would be a high degree of care, because it would be the degree of care commensurate with the apparent danger." These instructions were in accordance with the rule often stated by this court; as in *Hutchinson* v. *Boston Gas Light Co.* 122 Mass. 219, 222, "that the vigilance and attention required must conform to the nature of the emergency and the danger to which others may be exposed, and is always to be judged of according to the subject matter, the danger and force of the material under the defendant's charge."

*Exceptions overruled.*