Texas & Pacific Railway Company v. Hugh Tarkington.

Decided November 19, 1901.

**1.—Railway Company—Conductor—Insulting Language to Passenger.**

A railroad company is liable in damages for language used in a rude manner by its conductor to a lady passenger, insulting in character and calculated to humiliate and mortify her, because inferring a charge of dishonesty in that she was endeavoring to obtain transportation for her 8-year old son without payment of fare.

**2.—Same—Intent Immaterial.**

Since a charge of dishonesty was properly inferable from the language used by the conductor, the court correctly refused a requested instruction that if he did not intend to charge the passenger with dishonesty, defendant would not be liable.

**3.—Same—Charge—Temperament of Passenger.**

There being no issue in the evidence as to the temperament of the passenger, the presumption obtained that she was of ordinary prudence and temper, and the court properly denied a charge to the effect that there could be no recovery if the conductor's language was not reasonably calculated to cause a person of ordinary prudence and temper to be so humiliated under like circumstances and conditions.

Appeal from Bowie. Tried below before Hon. J. M. Talbot.

*W. T. Armistead,* for appellant.

*Smelser & Mahaffey,* for appellee.

RAINEY, Chief Justice.—Suit by appellee to recover damages of appellant for the alleged humiliation of his wife by language used to her by the conductor in charge of appellant's train upon which she was a passenger.

The testimony shows that Mrs. Tarkington was traveling with her 15-year-old daughter and 8-year-old son. At Denison she bought tickets for herself and daughter over appellant's road to Texarkana. When attempting to board the train at Denison, her son was in advance of her, and he was stopped by the conductor who asked her if she had a ticket for the boy. Upon being told no, he told her to get one for him, which she did. The conductor spoke in a loud tone, and his manner was rude. She entered the coach with her children, and when the conductor came around to collect tickets, and after receiving her tickets, he, in a loud, harsh, and insulting tone of voice and man-

ner, in the hearing of her children and other passengers, said to her, "The idea of a woman trying to board a train with her child without a ticket. You can go on this time, but don't undertake such a thing again." Which language and manner of the conductor humiliated, mortified, and insulted her. The foregoing is the substance of Mrs. Tarkington's testimony, which is corroborated in part by her daughter. That part of her testimony as to the manner and language of the conductor is contradicted by several witnesses, and it is insisted by appellant that the verdict and judgment is contrary to the evidence. It was the province of the jury to weigh the evidence and pass upon the credibility of the witnesses. Having done so, the verdict will not be disturbed, as the evidence is sufficient to support it.

The appellant requested the court to charge the jury, in effect, that the language used by the conductor was not actionable, and same did not import dishonesty, nor could it be reasonably inferred therefrom. This was refused and error is here assigned thereon. The petition alleged that the manner and language were humiliating and insulting, and by innuendo charged her with dishonesty. If the testimony of Mrs. Tarkington be true, and the jury must have so found, the manner and language of the conductor was insulting and calculated to humiliate, and from the language a charge of dishonesty could readily be inferred. It is meaningless if he did not intend to upbraid her for attempting to have her child transported without paying fare.

The court refused a requested charge to the effect that if the conductor did not intend to accuse her of dishonesty, to find for the defendant. The court did not err in this particular. Whether the conductor intended to charge her with dishonesty is immaterial. The language is susceptible of such a construction. But if it were conceded that the language did not imply dishonesty when taken in connection with the manner in which it was used and the circumstances under which it was used, it was insulting and calculated to humiliate and mortify. When the conductor caused plaintiff's wife to procure a ticket for her son, he did all that was incumbent upon him in the protection of the rights of the company, and there was no occasion for him to assume the role of censor and proceed to lecture her upon her conduct. Such action was calcuated to insult any lady, and if his "accomplishments and natural endowments" were not sufficient for him to appreciate the proper respect due to a lady passenger, the company should fill his place with one possessed of such "accomplishments and natural endowments," for it is its duty to see that passengers receive the proper respect from its employes.

The appellant complains of the refusal of the court to give a requested instruction to the effect that if the language was not reasonably calculated to cause a person of ordinary prudence and temper to be so humiliated under like circumstanse and conditions as those surrounding plaintiff's wife at the time and place, he could not recover. The evidence raises no issue as to the temperament of plaintiff's wife,

whether oversensitive or otherwise. In the absence of such an issue, the presumption arises that she was of ordinary prudence and temper, and the court did not err in refusing to give the instruction.

The court properly charged the jury, and no error was committed in refusing the various special charges requested. The judgment is affirmed.

*Affirmed.*

Writ of error refused.