JAMES CONDON v. W. H. ROBERTSON.

Decided November 7, 1903.

**Appeal Bond—Justice to County Court—Description.**

Where the bond given on appeal from a justice court to the county court gave the style and number of the case and the date of the judgment, and the judgment itself was copied in full, followed by the recital, "from which said judgment the said J. C. has appealed to the County Court of Wilbarger County, Texas," such bond was not bad for want of sufficient description, although the number of the justice precinct and the name of the county were left blank in the bond.

Appeal from the County Court of Wilbarger. Tried below before Hon. J. A. Nabers.

*Tolbert & Berry,* for appellant.

STEPHENS, ASSOCIATE JUSTICE.—The County Court erred in dismissing the appeal for want of sufficient description in the appeal bond. True, the number of the justice precinct and the name of the county were left blank in the bond, but the style and number of the case and the date of the judgment were given, and the judgment itself was copied in full, followed by the recital, "from which said judgment the said James Condon has appealed to the County Court of Wilbarger County, Texas." The judgment as copied in the bond was one rescinding the sale of a certain bay stallion named Elmwood, and bearing other, though perhaps less, conspicuous marks of identity. The bond was marked "approved and filed" by the justice rendering the judgment, to wit, of Precinct No. 1, Wilbarger County, Texas. It is reasonably to be inferred, therefore, from the appeal bond itself, which contained no element of misdescription, that the judgment appealed from was one rendered by some justice court of Wilbarger County, and also that it was none other than the judgment copied in the transcript from the justice court of Precinct 1 of said county.

Reversed and remanded.

*Reversed and remanded.*