CITIZENS TELEPHONE COMPANY OF TEXAS v. ELIZA THOMAS.

Decided January 14, 1907.

1.—Death—Liability of Private Corporation.

Under subdivision 2 of article 3017 of the Revised Statutes a private corporation is liable for the death of a person caused by the negligence of such corporation, as distinguished from that of its agents or servants.

2.—Same—Negligence of Corporation.

In a suit against a telephone company for the death of plaintiff's husband caused by a shock from a telephone wire which had broken and fallen across a highly charged wire of another corporation and so itself became highly charged with electricity, evidence considered and held to show negligence of the cor-

poration as distinguished from that of its employes, and consequent liability of the corporation.

#### 3.—Same—Ordinary Care.

While a person or corporation may be required in a given case to exercise only ordinary care, still such care must be proportioned to the circumstances of the case and the character and extent of the danger.

#### 4.—Death—Proximate Cause—Act of Third Party.

In a suit for the death of a person caused by a live wire, it appeared from the evidence that a wire of the defendant had broken and fallen in the street and a third party took it up and tied it around a post to put it out of the way, and that the deceased in attempting to tie his horse to the post received the shock and was killed. Held, that the act of the third party did not relieve the telephone company from liability.

#### 5.—Separation of Husband and Wife—Death of Husband—Recovery by Wife.

Where the evidence tended to show that the husband had permanently abandoned the wife at the time of his death, charges as to the right of the wife to recover considered, and approved.

#### 6.—Preliminary Testimony—Motion to Exclude.

Where preliminary testimony is admitted to be followed by other testimony which would show its materiality, and such other testimony is not introduced, the objecting party should move to exclude the preliminary testimony.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*G. W. Allen* and *Baker, Botts, Parker & Garwood,* for appellant.— A private corporation of the character of the appellant is not liable in damages for injuries resulting in death. Hendrick v. Walton, 69 Texas, 192; Lipscomb v. Houston & T. C. R. R. Co., 64 S. W. Rep., 923; Cole v. Parker, 66 S. W. Rep., 135; Fisher v. Texas Telephone Co., 79 S. W. Rep., 50; Fleming v. Texas Loan Agency, 87 Texas, 238; Hargrave v. Vaughn, 82 Texas, 348.

The undisputed evidence in the case shows that the negligence, if any, of the agents of the appellant was not the proximate cause of the injury, and therefore a peremptory instruction should have been given for defendant. Brush v. Lefevre, 93 Texas, 607; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 279; Galveston, etc., Ry. Co. v. Chambers, 73 Texas, 299; Gulf, C. & S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 659; Smith v. Texas & P. Ry. Co., 24 Texas Civ. App., 93; Texas & Pac. Ry. v. Doherty, 15 S. W. Rep., 44; Mars v. Delaware Canal Co., 54 Hun., 625.

The wife, as plaintiff, in a suit for damages for causing the death of her husband, is only entitled to recover such sum as would be a fair compensation to her for any pecuniary loss sustained by such death. Harrison v. London & N. W. Ry., 1 Cab. & E., 540; 10 Moak's Digest, 110; Joyce on Damages, sec. 535.

That there was some method by which a wire of an upper system could be prevented from falling on the wires of a lower system, if a fact, was not a fact that bore any relevancy to the duty that the defendant owed the said Jesse Thomas, or to the alleged breach of such a duty, it not being shown that such a method was practical or in general use. Gulf, C. & S. F. Ry. Co. v. Walker, 70 Texas, 126; Gulf, C. & S. F. Ry. Co.

v. Warner, 36 S. W. Rep., 119; East Telephone Co. v. Sims, Admr., 38 S. W. Rep., 131; Gulf, C. & S. F. Ry. Co. v. Beall, 43 S. W. Rep,, 605; The Oriental v. Barclay, 16 Texas Civ. App., 211.

*Hutcheson, Campbell & Hutcheson,* for appellee.

REESE, Associate Justice.—Eliza Thomas brings this suit against the Citizens Telephone Company of Texas to recover damages on account of the death of her husband, Jesse Thomas, alleged to have been caused by coming in contact with one of defendant's wires on Washington Street in the city of Houston, which was broken and down. From a verdict and judgment in favor of plaintiff for $2,000 defendant appeals.

By the first assignment of error appellant complains of the action of the court in refusing a requested charge to find a verdict for defendant. The first proposition under this assignment is as follows: "A private corporation of the character of appellant is not liable in damages for injuries resulting in death."

The proposition is not a correct statement of the law. It may be taken as settled law in this State that under subdivision (2), article 3017, Revised Statutes, a corporation such as appellant, is liable in such cases when the negligence causing the injury is the negligence of the corporation itself, as distinguished from that of its agents or servants. (Fleming v. Texas Loan Agency, 87 Texas, 238.) Under the proposition, however, appellant seeks to show that the death of Thomas was not occasioned by the negligent act or omission of the corporation as distinguished from that of its agents or servants, not admitting, however, that it was caused by the negligence of any one connected with its service. If there was no evidence tending to show that the death of Thomas was occasioned by the negligence of the corporation, in regard to some duty which it owed to the public and which it had not assigned or could not assign to an agent in such a manner as to avoid liability for the consequences, the charge should have been given.

The petition alleges that "the defendant recklessly, negligently and in total disregard and violation of its duty to maintain its wires so as not to interfere with travel on the streets of the city, permitted one of its wires on Washington Street, one of the main thoroughfares in the city of Houston, at and directly in front of Halverton's grocery store, which store many persons frequented, to part or become severed, the exact manner of parting or severance plaintiff is not able to state, so that a loose end resulting from such parting fell toward the ground, where it constituted a dangerous menace to any persons going and being in that vicinity, and especially those who traded at Halverton's store, because the said wire in falling fell across and came in contact with and was suspended over the wires of the Houston Lighting and Power Company, strung and suspended along on lower poles on or about that point beneath the wires of defendant company. The said hanging wire thereby becoming highly charged and potent with death to all persons who should come in contact with it. And said defendant company permitted said wire to remain down and out of its proper place for several hours and to constitute a continuing menace to the lives of such of the public as were accustomed to pass or be at or near that point and especially plain-

tiff's husband, Jesse Thomas, and others who traded at Halverton's store."

The evidence establishes the following facts: The wires of appellant were strung on poles above and over the wires of the Lighting and Power Company in such a way that in case of a break in appellant's wire it would fall upon the wires of the Lighting and Power Company. No means were used to prevent the wire from falling upon the wires of the lighting company in case of a break. Appellant's wire carried a very light current of electricity, not sufficient to injure a person coming in contact with it, but the wires of the lighting and power company carried a very heavy current, sufficient to cause the death of any person who should come in contact therewith. As early as 8 o'clock p. m. on December 25, the wire of appellant in question on Washington Street was broken and lay upon the street near Halverton's store. About 6 o'clock a. m. on the 26th, a mule being driven along the street came in contact with the fallen wire and was knocked down and slightly injured. Otto Lutz broke the wire and extricated the mule, and, in order to remove the wire from the street where it lay, wrapped it around a post to which was attached a guy wire of the Lighting and Power Company. About two hours afterwards Jesse Thomas in hitching his horse to this post came in contact with the wire and was killed. The wire in falling had fallen upon the wires of the Lighting and Power Company and was thereby charged with sufficient of the current of those wires to cause death to any one coming in contact with it.

These facts made a *prima facie* case of actionable negligence against appellant. (Keasby on Elec. Wires., sec. 231, et seq.; Haynes v. Raleigh Gas Co., 26 Law Rep. Ann., 810; Boyd v. Portland Elec. Co., 57 Law Rep. Ann., 620; Newark Elec. Light & Power Co. v. Ruddy, id., 624; Uggla v. West End St. Ry. Co., 160 Mass., 351; Hutchison v. Boston Gas Light Co., 122 Mass., 219.) It was its duty to maintain its system of electric wires so that they should not endanger the lives of others or interfere with their lawful use of the public highway. It was its duty primarily to keep its wires off of the street where persons would likely come in contact with them, and if by any chance any of its wires should happen to be broken and in such condition become liable to cause injury to others it was its duty to exercise ordinary care and diligence to ascertain such fact and to remedy the defect. These duties come under the head of non-assignable duties, the negligence in the performance of which was the negligence of the appellant, and if death resulted by reason thereof appellant can not escape the consequences upon the plea that such negligence is due to the fault of its agents or servants. (Houston & T. C. Ry. Co. v. Dunham, 49 Texas, 188; Standard Lighting & Power Co. v. Munsey, 76 S. W. Rep., 934; Cole v. Parker, 66 S. W. Rep., 137; McAdams v. Central Ry. & Elec. Co., 67 Conn., 445.)

But if there was negligence at all the evidence does not suggest that it was due to the fault or failure in duty on the part of any servant of appellant. The evidence shows that appellant had a man, called the "wire chief," whose duty it was to exercise a general supervision of the wires, and two "trouble" men whose duty it was to correct and remove any trouble with regard to the wires when reported. It was also the duty

of these "trouble" men, who were also inspectors, to inspect the lines, but it was shown that this duty embraced nothing more than to make such examination of the wires as they could from the ground, as they went about adjusting such troubles as were reported. One such inspector or "trouble" man had charge of all the wires of appellant in first, sixth, third and fifth wards of the city of Houston.

By the rules of the company the wire chief and inspectors went off duty at 5:30 p. m. and did not come on again until 7:30 a. m., and during the interval there was no one to whom any defect or accident to any of the wires could be reported, nor whose duty it was to discover or remedy it. The evidence was sufficient to support the inference of negligence both in the original breaking and in the delay in discovering and removing the dangerous wire, and there is no suggestion in the evidence that such negligence was due to any fault on the part of any agent or servant of appellant, if such fact would exonerate it from liability. The telephone wire was so constructed as rendered it probable, if not inevitable, that in falling it would fall upon or across the wire of the Lighting and Power Company and become charged with a sufficient current of electricity from this source to make it dangerous, and under the circumstances appellant must be held to the same degree of care as though its own wire were charged originally with such current. (Southwestern Tel. & Tel. Co. v. Robinson, 16 Law Rep. Ann., 545; Ahren v. Oregon Tel. Co., 24 Oregon, 276.) The place was a very much used street in a populous and busy city, and the wire was allowed to remain in this dangerous condition from 8 o'clock p. m. to 8 o'clock a. m. the next morning, at which time Thomas was killed. It is true that appellant was only required to use ordinary care, but such care must be proportioned to the circumstances of the case and the character and extent of the danger. (Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 354; Harroun v. Brush Elec. Light Co., 6 Am. Elec. Cases, 357; Haynes v. Raleigh Gas Co., 26 Law Rep. Ann., 813.) It was for the jury to determine whether the facts constituted actionable negligence.

It is further insisted under this assignment, that, not the negligence of appellant, but the act of Lutz in taking the wire up out of the street was the proximate cause of the death of Thomas. This contention can not be sustained. Given the circumstance of the wire lying in the street, an obstruction, and as shown by the accident to the mule, a dangerous obstruction to travel, it was reasonably to be anticipated as a thing likely to occur that some thoughtful and considerate passerby would take up the wire and endeavor to put it out of the way. It would be absurd to hold that appellant had a right to assume that the fallen wire would be allowed to remain upon the street, and that it could not reasonably anticipate that some one would remove it. (Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 278; Hayes v. Hyde Park, 12 Law Rep. Ann., 249; Lundeen v. Livingston Light Co., 17 Mont., 32, 6 Am. Elec. Cases, 322.) There is no analogy between this case and Mars v. Delaware Canal Co. (54 Hun, 625), cited by appellant, where a person wilfully and recklessly, if not maliciously, started an engine left on a side track where it could do no possible harm.

It is further contended under this assignment, that the evidence did not tend to show that Thomas' death was caused by coming in contact

with the wire.  The evidence establishes this fact almost conclusively. Thomas was seen by a person standing near to approach the post and to put his arms around it in the attempt to tie his horse.  As he did so, he threw up his hands and fell backward, his death being practically instantaneous.  No other cause of his death is remotely suggested by the evidence.  The evidence made a proper case for the jury as to the liability of appellant, and the court did not err in refusing the requested instruction to find for defendant.

Nothing in the pleadings or the evidence suggests that the breaking of the wire, or allowing it to remain for so long a time in the dangerous condition in which it was, was due to the negligence of any agent or servant of appellant.  If there was negligence it was clearly and indisputably the negligence of the appellant itself and not that of any of its agents.  The court did not err in refusing to submit this issue to the jury as requested by appellant.  In the case of Cole v. Parker (66 S. W. Rep., 136), cited by appellant, the refusal of such a charge was held error on the ground that plaintiff had charged negligence of the defendants *and their employes.*  There is no such charge here.  The second and third assignments of error presenting the point are overruled.

Appellant sought, by requested instruction, to have submitted to the jury the issue of proximate cause, upon the theory (1), that the independent act of Lutz intervened to break the causal connection between appellant's negligence, if any, and the accident; and (2) that the fact that the wire in falling, fell upon the wires of the Lighting and Power Company, and thus became charged with a dangerous current of electricity, could not have been reasonably anticipated by appellant.  Appellant requested three special charges covering these points which were refused, and their refusal is made the basis of the fourth, fifth and sixth assignments of error.  The first of said charges instructed the jury if they believed that the act of Lutz in removing the wire was an independent act, but for which the injury would not have been received, plaintiff would not be entitled to recover unless such act, or some similar act, could have been foreseen by a person of ordinary prudence.  The second of said requested charges presents generally the doctrine of proximate cause.  The third presents the issue of proximate cause in the matter of foreseeing, as likely to occur, that the wire of appellant in falling would fall upon those of the Lighting and Power Company and become thereby charged with a dangerous current of electricity. There was no error in refusing these charges.  The court instructed the jury generally upon proximate cause.  The undisputed evidence shows that the act of Lutz, and the falling of the wire of appellant upon the wires of the Lighting and Power Company, strung immediately under it, in case such wire broke and fell, were consequences which appellant was bound to foresee as likely to occur under all the circumstances.  The evidence did not raise an issue upon these points.

Appellant requested the following charges:

"The defendant contends in this case, and has introduced some evidence before you tending to show that Jesse Thomas, deceased, had abandoned the plaintiff prior to his death, with the intention to remain permanently away from her.  If you should find, from the preponderance of the testimony, that the said Jesse Thomas had abandoned the plain-

tiff, with the intention to permanently remain separated from her, then you are charged that you may take such fact into consideration in determining what amount, if any, you should allow plaintiff as a fair compensation to her for the pecuniary loss, if any, sustained by the death of the said Jesse Thomas, and unless you believe, from the testimony, that she has sustained pecuniary loss by his death, you will return a verdict for the defendant."

"You are charged that in determining the amount to which the plaintiff in this case would be entitled to recover, you will not take into consideration anything except what you should find, from the evidence, would compensate her for her pecuniary loss, if any, sustained by the death of the said Jesse Thomas, and if you should believe that she sustained no pecuniary loss, you will return a verdict for the defendant.

The evidence showed that the relations between Thomas and appellee, his wife, were not, at the time of his death, entirely harmonious. Some of the evidence tended to show a separation, tending to be permanent. This was contradicted by other evidence which tended to show that there had been, and was at the time of Thomas' death, no serious break in their marital relations, and that Thomas continued to visit his wife and to contribute to her support. Upon this issue the court charged the jury as follows:

"If you find for plaintiff, you will take into consideration all the facts and circumstances in evidence concerning her husband, and the relations existing between her and him, and will allow her such sum as will, if paid now, fairly compensate her for the pecuniary damage and loss which you believe she has sustained by reason of the death of her husband, but in assessing such damages, you will not take into consideration or allow any compensation to her as a solace for her grief or for the loss of the companionship of her husband. If you find for the defendant, you will say so and no more." We think the charge was as full and specific as was necessary. It is substantially the same as the second of the requested instructions quoted above.

The evidence upon this point was conflicting, preponderating rather against the theory of abandonment. Appellant does not controvert the authority of Dallas & W. Ry. Co. v. Spicker (61 Texas, 430), but contends that the jury should have been instructed that they could take into consideration the evidence upon this point in determining whether or not appellee had sustained pecuniary damage by reason of the death of her husband and the amount of such damage. This, we think, was sufficiently done by the charge of the court above quoted.

There was no error in overruling the objection of appellant to the question propounded to the witness Flavin by appellee. This question was as follows: "As a man familiar with electrical work, is there a method by which wires of an upper system can be prevented from falling on the wires of a lower system?" The objection was that it called for an answer that was immaterial and irrelevant and merely the opinion of the witness upon a matter upon which the jury was qualified to pass. The witness answered: "Yes, sir, it can be put up that way." The witness was being examined as an expert, and the objection that the question called for his opinion was not tenable. Standing alone the answer might be said to be immaterial, in that appellant could not have

been required to make use of appliances to prevent its wires from falling upon those of the Lighting and Power Company, unless such appliances were practicable, but the court did not err in allowing the question to be asked as a proper and necessary preliminary to further interrogatory as to the practicability of such appliances. There being no further evidence upon this point, appellant should have moved to strike out the answer, or otherwise had it withdrawn from the jury. The objection that the evidence was not relevant to any issue raised by the pleadings can not be sustained.

After charging the jury as to the measure of duty of appellant in stringing its wires and in keeping them in reasonably safe condition the court instructed them that "the defendant was presumed in law to have that knowledge of the condition of its wires which it could have had by the exercise of that degree of care, prudence and diligence that an ordinarily prudent person would have used under the same or similar circumstances. The objections to this charge, in the tenth assignment of error, are not sound. The charge quoted is a correct statement of the law, and was called for upon the issues raised by the pleadings and evidence. It can not be said that it conveys to the jury the impression that, in the opinion of the court, some knowledge of the condition of the wires could have been obtained by appellant by the exercise of ordinary care, any further than that any charge upon an issue would have that effect. The assignment can not be sustained.

The eleventh assignment of error assails the charge of the court instructing the jury upon the issue of negligence "in the matter of maintaining the wires in proper condition, or in permitting the wire to fall, or in permitting it to remain down and out of place." It is contended by appellant that the petition does not charge negligence in maintaining the wires in proper condition, but only in permitting it to fall and remain down. We think that the charge of negligence in permitting the wire to fall and remain down fairly included the charge of negligence in the matter of maintaining the wires in proper condition. The jury could not have understood, from the charge, that any other element of negligence was submitted to them than those alleged in the petition. The same answer may be made to the objection to the charge as set out in the twelfth assignment, upon the issue of negligence in permitting the wire to remain around the guy post after it had been placed there by Lutz. This was necessarily included in the charge of negligence in permitting the wire to remain down.

The thirteenth assignment of error complaining of the charge of the court as to the relations existing between appellee and her husband, and which has been set out in full in this opinion, is without merit. It does not assume the existence of any controverted fact as contended by appellant.

By the fourteenth assignment of error appellant complains of the refusal of a requested charge as follows: "You are charged that if you believe, from the evidence, that at the time the said Jesse Thomas came to Halverton's store, and to the place where he came in contact with the telephone wire, if he did so come in contact with the same, it was daylight, and the said Jesse Thomas saw, or in the exercise of ordinary care, ought to have seen the wire before touching the same, and if you

believe that in touching said wire, if he did so touch the same, the said Thomas failed to use that degree of care which a man of ordinary prudence would have used under the same circumstances, and that but for this want of care on his part the accident would not have happened, you will return your verdict for the defendant." It is admitted that the court gave a charge upon contributory negligence based upon the requested charge, and substantially the same except that the words "it was daylight" were stricken out. The assignment is without merit.

The fifteenth and sixteenth assignments of error present the objections that the verdict is against the great weight and preponderance of the evidence, and is excessive in amount. We overrule both assignments without further comment.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.