## HOLLAND et al. v. CLOSS.

(Court of Civil Appeals of Texas. Galveston. March 16, 1912.)

1. PLEADING (§ 228*)—OBJECTION—TIME.

Objections to pleadings are properly taken by written exceptions presented before the trial on facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. APPEAL AND ERROR (§ 742*)—BRIEFS—SPECIFICATION OF ERROR.

Under rule 31 (142 S. W. xiii), regulating the preparation of briefs, which provides that to each proposition there shall be subjoined a brief statement of such proceedings contained in the record as will be necessary to explain the proposition, with a reference to the pages of the record, assignments not stating the evidence objected to, the objection made, and not referring to the page of the record, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—BRIEFS—SPECIFICATION OF ERROR—STATEMENT.

An assignment of error not followed by a statement cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

In an action by a wife for herself and for the infant child for damages for the unlawful shooting of her husband, where the evidence as to whether deceased had abandoned plaintiff, and whether such abandonment was intended to be permanent, was conflicting, an instruction that if the deceased had left plaintiff and perma-

nently abandoned her, and they were not living together as husband and wife, and that he would not have contributed to their support if living, plaintiffs were not entitled to recover, was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

5. DEATH (§ 69*) — UNLAWFUL KILLING OF HUSBAND—ACTION BY WIFE—ADMISSIBILITY OF EVIDENCE—ABANDONMENT.

In an action by a wife for herself and for the infant child for damages for the unlawful shooting of her husband, evidence of the husband's abandonment of the wife is admissible on the issue of plaintiff's pecuniary damages.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 86, 87; Dec. Dig. § 69.*]

6. APPEAL AND ERROR (§ 732*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error, in that the court erred in refusing to grant plaintiff's motion for a new trial, is too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 3022–3024; Dec.Dig. § 732. *]

7. DEATH (§ 68*) — UNLAWUL KILLING OF HUSBAND—ACTION BY WIFE—ADMISSIBILITY OF EVIDENCE.

In an action by a wife for herself and for the infant child for damages for the unlawful killing of deceased, evidence as to the deceased having been taken to another state upon criminal process, and the circumstances under which he was married to plaintiff and as to what he said to witnesses as to his conduct and that of others with the plaintiff previous to his marriage, was inadmissible either upon the issue of the plaintiff's right to recover or upon the issue of exemplary damages.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 86, 87; Dec. Dig. § 68.*]

8. DAMAGES (§ 87*)—EXEMPLARY DAMAGES— NATURE.

Exemplary damages are given in punishment of the offender.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 188–192; Dec. Dig. § 87.*]

9. DEATH (§ 68*) — UNLAWFUL KILLING OF HUSBAND—ACTION BY WIFE—ADMISSIBILITY OF EVIDENCE.

In an action by a wife for herself and as the next friend of the infant daughter for damages for the unlawful killing of her husband, the circumstances of the improper relations of deceased with the daughter of defendant were admissible in mitigation of exemplary damages only.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 86, 87; Dec. Dig. § 68.*]

Appeal from District Court, Brazos County; J. W. Doremus, Special Judge.

Action by Eula B. Holland, suing for herself and as next friend of Georgia Lee Holland, an infant, against J. T. Closs. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

V. B. Hudson, of Bryan, for appellants.

REESE, J. This is a suit by Eula B. Holland, widow of Marvin Holland, suing for herself and as next friend of Georgia Lee Holland, infant child of herself and said Marvin, against J. T. Closs to recover damages for the alleged unlawful killing of the said husband and father by defendant.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Plaintiffs claim $30,000 actual and $20,000 exemplary damages. A trial with the assistance of a jury resulted in a verdict and judgment for defendant from which plaintiffs prosecute this appeal. No briefs are on file for appellee.

It was shown upon the trial that the said Marvin Holland was the husband of the appellant, Eula Holland, and the father of the infant plaintiff, and that he was killed on April 28, 1909, by appellee, Closs. Evidence was introduced on the part of appellee to show misconduct on the part of deceased of a very aggravated nature with a minor and unmarried daughter of appellee, and that when appellee heard of this he armed himself with a double-barreled shotgun, and sought deceased at the place where he was at work in a field. The testimony on the one side tended to show that deceased was killed from ambush, but appellee denied this. His testimony was that he armed himself, as stated, and sought deceased with the intention of compelling him to leave the country, and that he did not intend to kill him unless he refused to do so. He further testified that when he accosted deceased, who was at work in the field, deceased made a hostile demonstration as if to draw a weapon, and he shot him. Some testimony was introduced which tended to show that deceased had married the said Eula in Kentucky and had left her and come off to Texas with the intention of permanently abandoning her. The case was submitted to the jury upon the issues of willful, premeditated, and unlawful killing, or one justified under the law of self-defense. The jury were also instructed that permanent abandonment by deceased of his said wife and child would bar a recovery.

After the pleadings had been read to the jury and evidence introduced, appellants verbally moved the court to strike out certain portions of defendant's answer, which was refused. This action is made the basis of the first and second assignments of error.

[1] There is no merit in the assignments. If appellants desired to object to the pleadings, the proper way to do so was by written exception, presented before the trial on the facts. If properly presented, we think this objection should have been sustained.

[2] The third, fourth, fifth, sixth, seventh, and eighth assignments relate to rulings of the court in the admission of testimony over the objections of appellants. None of these assignments can be considered. No attempt is made to comply with the rules for briefing in their presentation. Rule 31 (142 S. W. xiii), regulating the preparation of briefs, provides: "To each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole, of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions, or inferences." There is not, as to any of these assignments, a proper statement of the evidence objected to. There is no statement of the objections made, and no statement that any exception was taken to the evidence, and there are no references to the pages of the record as required by the rules. In order to intelligently pass upon the assignments, or either of them, we would be required, without the slightest assistance from the brief, to search the record to find: First, what the evidence in fact was; second, what objection was made; and, third, whether a bill of exceptions was taken to the ruling. To entitle an objection to evidence to be considered by the trial court, the grounds of objection must be stated, and when such grounds are stated and the objection overruled, the error will not be revised in the appellate court unless a proper bill of exceptions is taken. An assignment of error to the admission of evidence which does not contain a succinct statement as to such matters, with reference to the pages of the record, cannot be considered. This question has been so often decided by the Supreme Court and Courts of Civil Appeals in this state that a citation of authority is not necessary. The rule is so plain that such a total disregard of its provisions as is here presented is without excuse.

[3] The ninth assignment of error is not followed by any statement at all, and cannot be considered.

[4] The tenth assignment complains of the following charge of the court: "If you believe from the evidence that plaintiff and the deceased, Marvin Holland, intermarried as husband and wife on the 1st day of October, 1908, but you further believe from the evidence that after the marriage, and before and at the time the said Holland was shot and killed by the defendant, the said Marvin Holland, deceased, had abandoned plaintiff, Eula B. Holland, and left her for the purpose of permanent abandonment and they were not living together as man and wife, and you further believe that he would not have contributed to their support if living, plaintiffs would not be entitled to recover in this suit, and you will find accordingly." This assignment is followed by a proposition but no statement. But the assignment itself contains as full a statement, perhaps, as is necessary to a full understanding of the question presented, and on this account is entitled to be considered. As we have stated, evidence was introduced tending to show abandonment by the said Marvin Holland of his wife, and that such abandonment, so far at least as his present intentions were concerned, was intended to be permanent.

Evidence was also introduced by appellants which tended to rebut such conclusion. In this state of the evidence, we think it was error to give this charge.

The rule laid down by the Supreme Court in Railway Co. v. Spicker, 61 Tex. 427, 48 Am. Rep. 297, applies. In that case the wife sued the railway company for damages resulting from the death of her husband by the negligence of defendant. There was evidence of total abandonment, as in this case. The defendant requested the court to give the following charge: "If the jury believe, from the evidence, that a year or more before Henry Spicker's death he left his wife, and after that had no further communication with her, and further believe, from the evidence, that he had abandoned her for good, and that at the time of his death she had no reasonable expectation of deriving any aid or advantage from the continuance of said Henry Spicker's life, then and in that event, so far as the plaintiff Hannah Spicker is concerned, the jury should either find for the defendant, or only allow her, the said Hannah, nominal damages." This was refused, and the defendant assigned error. The Supreme Court, affirming the judgment, with reference to this charge said: "The charge, however, was erroneous. Henry Spicker may have left his wife for a year or more before his death, and after leaving her may have had no further communication with her, and may have intended never to return to her, or contribute to her support; yet, so long as the marital relation existed, without reference to the will of the husband, the wife not being shown to have forfeited her right thereto by her own wrong, she was entitled to a decent support, in accordance with their station in life, from her husband. The marital relation created this right, and it would have continued to exist so long as the relationship continued; and so, without reference to the will of the husband. There is no legal presumption that such relation would ever have been dissolved prior to the time when one of the parties thereto, in the ordinary course of events, would have died. The wrong of the appellant terminated the relationship, by causing the death of the husband prior to the time when, in the ordinary course of events, he would have died, and thereby deprived the wife of that pecuniary support and benefit which the law would have entitled her to from her husband so long as they remained husband and wife."

In De Garcia v. Railway Co., 77 S. W. 277, it is said by the Court of Civil Appeals of the Fourth District that: "The wife, so long as she has not acted in a way to forfeit it, is entitled to a support at the hands of her husband, and a party wrongfully killing him cannot deprive her of damages by a plea that the husband had not been fulfilling the duties that he owed his wife." The following findings of fact appear in the judgment in that case: "But it appearing to the court from

146 S.W.—43

the evidence that the plaintiff Josephine De Garcia had not for more than two years prior to the death of Alcario Garcia received any pecuniary aid from him, and was not receiving any pecuniary aid from him at the time of his death, and would not have received any pecuniary aid from him had he lived," etc.

[5] Evidence of such abandonment may, we think, be taken into consideration in determining the amount of pecuniary loss of the wife and child; but it was error to charge the jury that it constituted a bar to the recovery of any damages. Citizens' Tel. Co. v. Thomas, 45 Tex. Civ. App. 20, 99 S. W. 883. The tenth assignment of error presenting the question must be sustained, and requires a reversal of the judgment. So far as appears from the record, the jury may have based their verdict for appellee upon this charge alone.

[6] The eleventh assignment of error, that the court erred in refusing to grant plaintiffs' motion for a new trial, is too general to require consideration. Mayer, Kahn & Freiberg v. Duke, 72 Tex. 449, 10 S. W. 565; Bumpass v. Morrison, 70 Tex. 758, 8 S. W. 596; Jackson v. Cassidy, 68 Tex. 282, 4 S. W. 541.

As the judgment will be reversed and the cause remanded for another trial, it is proper that we indicate our views upon the questions attempted to be presented by the assignments of error which have not been considered, which we will do very briefly.

[7] Evidence as to the deceased having been taken back to Kentucky upon criminal process, and the circumstances under which he was married to appellant, Eula Holland, and as to what he said to the witnesses Claud, Moore, and Thurman, before he was taken back to Kentucky relative to his conduct and that of others with the said Eula Holland previous to his marriage, should have been excluded on proper objection. This testimony could not possibly throw any light upon the cause or circumstances of the killing, or properly be considered in estimating the damages to which appellants were entitled, if any. We think it too clear for argument that the testimony was inadmissible upon the only two issues presented; the right of appellants to recover at all, and, if so, the amount of the damages to which they were entitled. Nor was it admissible on the issue of exemplary damages.

[8, 9] The circumstances of the improper relations of the said Marvin Holland with the daughter of appellee were admissible in mitigation of exemplary damages only. We are inclined to hold with what was said by this court in Houston El. Ry. Co. v. Park, 135 S. W. 230–231, on this question, though, as is there stated, the authorities are in conflict. 3 King's Conflicting Cases; 132. If the killing was unlawful—that is, neither justified nor excused in law—circumstances which would tend to mitigate the moral

wrong ought not to affect the recovery of such actual pecuniary loss as appellants have suffered. Exemplary damages, however, are given in punishment of the offender, and it is entirely proper that such evidence be received and considered by the jury upon this issue; but the court in its charge should instruct the jury that, if the killing was neither justifiable nor excusable in law (and in the present case the only attempt to justify or excuse in law was under the plea of self-defense), such evidence could only be considered in mitigation of exemplary damages.

Evidence of abandonment was admissible upon the issue as to the amount of pecuniary loss, and might be considered by the jury upon this issue. Tel. Co. v. Thomas, supra. There is no evidence in the record which even tends to show, in the slightest degree, that appellant, Eula Holland, had by any act of hers forfeited her right to such contributions to her support by her husband as were within his ability to make.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.