VAN'S CRANE AND ERECTION SERVICE, INC., Appellant,

v.

Paul CORN et al., Appellees.

No. 5918.

Court of Civil Appeals of Texas, Waco.

Aug. 24, 1978.

Rex D. Davis, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellant.

Ernest H. Cannon and John M. O'Quinn, Riddle, Murphrey, O'Quinn & Cannon, Houston, Mac L. Bennett, Jr., Bennett & Bennett, Normangee, Jack B. Ellison, Bennett & Bennett, Buffalo, for appellees.

OPINION

McDONALD, Chief Justice.

Defendant Van's Crane appeals from an order overruling its plea of privilege.

Plaintiffs Corn and Langston sued defendants Van's Crane, R. B. Butler, Inc. and Nucor Corporation alleging plaintiffs on February 14, 1975, in Leon County, fell 65 feet and sustained serious bodily injuries; that the fall and injuries sustained were proximately caused by the negligence of defendants.

Defendant Van's Crane filed plea of privilege to be sued in Dallas County, the County of its residence.

Plaintiffs controverted asserting venue maintainable in Leon County under Subdivision 9a, Article 1995 VATS.

The trial court after hearing overruled defendant Van's Crane's plea of privilege.

Defendant Van's Crane appeals on 18 points principally contending:

1) The trial court erred in overruling its plea of privilege because there is no evidence of any negligent act or omission on part of defendant.

2) The trial court erred in overruling its plea of privilege there is insufficient evidence of any negligent act or omission on the part of defendant, and any implied findings of negligent acts or omissions are so against the great weight and preponderance of the evidence as to be manifestly unjust.

The parties stipulated plaintiffs were injured in Leon County when they fell from the roof of a steel and sheet metal building

being constructed. Plaintiffs worked for the subcontractor hired to put on the sheet metal. Defendant is the subcontractor that erected the steel structure. The sheet metal was to be put on the building after the steel work was completed. One section of the roof consisting of 12 joists came loose and fell. Plaintiffs were on this section and fell with it. Defendant was supposed to complete the welding before plaintiffs put down the sheet metal. The work did not hold up and plaintiffs were injured when it fell.

We think the foregoing ample to sustain the trial court's implied finding of negligence and proximate cause, and sustain venue in Leon County under Subdivision 9a. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660.

Negligence and proximate cause, like any other ultimate fact, may be established by circumstantial as well as direct evidence. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273; *Davis v. Anderson,* (Texarkana, Tex.Civ.App.) NWH, 501 S.W.2d 459; *East Texas Motor Freight Lines, Inc. v. Neal,* (Texarkana, Tex.Civ.App.) NRE, 443 S.W.2d 318; *Sam White Oldsmobile Co. v. Jones Apothecary, Inc.,* (1 Houston, Tex. Civ.App.) NRE, 337 S.W.2d 834; *Bock v. Fellman Dry Goods Co.,* Tex.Com.App., Adopted, 212 S.W. 635.

Defendant's contentions supra are overruled.

AFFIRMED.