**COMMUNITY PUBLIC SERVICE COMPANY, Appellant,**

v.

**Debbie BAKER, Appellee.**

**No. 17641.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 20, 1980.

Mills, Shirley, McMicken & Eckel, Kerry L. Neves, Galveston, for appellant.

Leebron & Robinson, Laron D. Robinson, Houston, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from an order overruling a plea of privilege.

Appellee sustained electrical burns when a telephone pole which supported telephone wires belonging to Bell Telephone and electrical transmission wires belonging to appellant fell, causing the electrical wires to strike appellee.

In answer to appellant's plea of privilege, appellee pled subdivisions 9a, 23 and 29a, Article 1995, V.A.C.S., as exceptions to the general venue rule.

The trial court in its findings of fact and conclusions of law found, among other things, that appellant failed to properly replace the pole; that the failure was a proximate cause of appellee's injuries; that appellant failed to warn of the danger inherent in working on or around the pole in question; that the failure to warn was proximate cause of appellee's injuries; and that appellant committed a negligent act in Brazoria County, Texas, within the meaning of subdivision 9a.

In order to maintain venue under subdivision 9a, it is necessary for the plaintiff to prove (1) that the negligence occurred in the county where suit was filed, (2) that the negligence was that of the defendant, his servant, agent or representative acting within the scope of employment, and (3) that the negligence was a proximate cause of the plaintiff's injuries. Of these requirements only negligence and proximate cause are in dispute.

The law exacts a duty from those who handle electricity to protect those who come in proximity therewith, and this duty is proportionate to and commensurate with the dangers involved. *Texas Power & Light Co. v. Holder*, 385 S.W.2d 873 (Tex. Civ.App.–Tyler 1964, writ ref'd n.r.e. per curiam Tex., 393 S.W.2d 821); *Community Public Service Company v. Dugger*, 430 S.W.2d 713 (Tex.Civ.App.–Texarkana 1968, no writ). The duty to protect is non–delegable. *Citizens' Telephone Co. v. Thomas*, 45 Tex.Civ.App. 20, 99 S.W. 879 (1907, writ ref'd); 21 Tex.Jur.2d, Electric Companies, § 16, § 21 (1961); 29 C.J.S. Electricity § 38

at 1060–1061 (1965). Therefore, the fact that the pole was owned by Bell Telephone would not relieve appellant from its primary duties to warn and to repair or replace the pole within a reasonable time once it discovered, or by the exercise or reasonable diligence should have discovered, that its continued use of the pole as part of its electrical distribution system was dangerous.

L. E. Cook, the district manager of appellant, testified that several weeks prior to the accident a customer telephoned reporting that the pole was rotten. Pursuant to this call Mr. Cook dispatched a serviceman to examine the pole. As a result of the inspection, a written report was sent to Bell Telephone and to appellant's engineering department stating that the pole was rotten and should be replaced. After discovering the pole was rotten, Mr. Cook did not post a sign or otherwise warn of the danger.

■ The pole was owned and installed by Bell Telephone Company in 1952. The supporting guy wires were installed by appellant and Bell Telephone Company in 1952. The pole supported numerous lines and was located in or near the town of Angleton at the intersection of two streets in a residential area. Although Mr. Cook testified that 23 days is not an unusual period of time in which to replace a pole, the trial court could have concluded that 23 days, although not unusual, was an unreasonable length of time to replace this particular pole. This evidence was legally sufficient to support the trial court's finding that appellant was negligent in failing to warn and in failing to either replace or repair the pole.

Appellant also asserts that neither its failure to warn nor its failure to remedy the hazard were shown to be proximate causes of the accident. These allegations are without merit. It was established by direct evidence that appellee was working under appellant's electric wires, that appellee received an electric shock, that the telephone pole in question was rotten, that one of its supports was twenty six years old, that the pole was supporting numerous lines, that appellee's co–worker was working on a lad-

der which was hooked over a line supported by the pole, and that the pole and electric wires fell. Moreover, appellant's district manager testified that the pole fell because of its rotted condition and the rusted condition of the guy wires. Under these facts it can be presumed that the failure to remedy the hazard as well as the failure to warn of the hazard were proximate causes of the accident. Findings of negligence and proximate cause based upon similar circumstantial evidence have been upheld. In *McLennan Electric Cooperative, Inc. v. Sims*, 376 S.W.2d 924 (Tex.Civ.App.–Waco 1964, writ ref'd n.r.e.) the jury found that an electric company was negligent by continuing to supply electricity notwithstanding its knowledge that the line was in a dangerous condition. Although there were no eyewitnesses, the jury's findings were upheld where there was evidence that the wire broke, that it was found lying on a barbed wire fence and that plaintiff's horse, which was hitched to the fence, was dead.

In *Denton County Electric Co–Operative, Inc. v. Burkholder*, 354 S.W.2d 639 (Tex.Civ. App.–Fort Worth 1962, writ ref'd n.r.e.), the power company failed to discover that its pole was rotten. The pole broke and, as a result, the power line came into contact with the plaintiff's cows.

■ Negligence and proximate cause, like any other ultimate facts, may be established by circumstantial evidence. *Van's Crane Construction and Erection Service Inc. v. Corn*, 570 S.W.2d 527 (Tex.Civ.App.–Waco 1978, no writ.)

The evidence was legally sufficient to support the trial court's conclusion that this suit could be maintained in Brazoria County under subdivision 9a.

Because of the disposition of this appeal under subdivision 9a, it is unnecessary to consider whether venue was proper under subdivisions 23 or 29a.

The order is affirmed.