# CHARLESTON.

GEORGE M. JOHN v. BALTIMORE & OHIO RAILROAD CO.

Submitted March 6, 1918.   Decided March 19, 1918.

1.  CARRIERS—*Insulting and Humiliating Treatment—Liability to Passenger.*

    A common carrier of passengers is liable to a passenger for insulting and humiliating treatment inflicted upon him, by its conductor in charge of the train on which he had taken passage, although unattended by physical injury or deprivation of the transportation contracted for.   (p. 151).

2.  SAME—*Passengers—Insulting and Humiliating Treatment by Conductor—Liability.*

    A breach of the obligation of a common carrier to its passenger, working injury to him, is a cause of action standing upon a higher plane than that of one arising from an injury by mere negligence, because the relation subsisting between them is founded upon a direct, special and personal obligation, peculiar in its nature, and not upon general law constituting the basis of the relation subsisting between many other persons, such as neighbors or strangers, who stand upon an equal footing and deal with each other at arms length, wherefore conduct on the part of a carrier working grievous injury only to the feelings and sensibilities of a passenger is actionable.   (p. 151).

3.  SAME—*Passengers—Acts of Conductor—Declaration.*

    In a declaration alleging such a cause of action, it suffices to

state in general terms the character of the conduct complained of, without specification of the evidential facts or an averment of the exact words used.   (p. 152).

4.   EVIDENCE—*Judicial Notice—Injunction.*

In passing upon a demurrer to a declaration against a common carrier, the court cannot take judicial notice of an injunction awarded against the carrier, in a chancery cause, relied upon as justification of the actionable misconduct charged in the declaration.   (p. 152).

Error to Circuit Court, Monongalia County.

Action by George M. John against the Baltimore & Ohio Railroad Company.   From a judgment sustaining a demurrer to the second amended declaration and each of the three counts thereof, plaintiff brings error.

*Reversed, demurrer overruled, remanded.*

*E. M. Everly* and *Glasscock & Glasscock,* for plaintiff in error.

*Wm. S. John* and *Terence D. Stewart,* for defendant in error.

POFFENBARGER, PRESIDENT:

The judgment complained of sustained a demurrer to a second amended declaration and each of the three counts thereof, the gravamen of each of which counts was mistreatment of the plaintiff, a passenger on defendant's railroad, by one of its conductors, otherwise than by failure to carry him or infliction of personal injury. Although each of them charges the wrongful and forcible taking of a package containing two quarts of liquor from the possession of the plaintiff, by the conductor, and the third, a forcible seizure of the person of the plaintiff, in an angry, threatening, rude, discourteous and unlawful manner, the insult, humiliation and vexation inflicted constitute the burden of the complaint. The manifest purpose of the pleader was to treat these elements or factors in the transaction as substantive grounds of action, rather than matters of aggravation of the admittedly wrongful and actionable taking of property and seizure of

the person, and the trial court, so regarding the declaration, held them not to be grounds of recovery.

Right to damages for the wrongful taking of the package of liquor charged in all the counts might sustain them, and the assault charged in the third might sustain it, and justify reversal of the judgment. But, since the writ of error has brought the declaration up for consideration, the other alleged grounds of action may properly be considered.

By a very decided weight of authority, common carriers of passengers are subjected to liability for insult to, and humiliation of, passengers, by their servants and employees, unattended by physical injury. The obligation of the carrier goes far beyond mere transportation of the passenger and provision for his personal safety. He is entitled to reasonably comfortable carriage and courteous treatment. Denial of either of these constitutes a breach of the obligation or legal duty of the carrier and an invasion of the passenger's legal right, just as clearly as does a refusal to carry or the infliction of personal injury, but the consequences may be less serious. For this reason, the principles under which recovery for mental anguish unattended by physical injury is denied in the application of the law of negligence and between persons not peculiarly related, such as mere neighbors or strangers, do not apply. A carrier assumes and holds a legal, economic and social position which brings the traveling public within its own power and influence, as regards their persons and their comforts and conveniences, to a very considerable extent, wherefore it and its passenger do not stand on an equal footing nor deal with each other at arms length. Denial of a remedy for insulting and humiliating treatment of a passenger would necessarily render it impossible for him to enforce full performance of the carrier's duty to him. Under peculiar circumstances, some courts have denied it, but most of them accord it freely and sustain their conclusions with convincing argument. *Texas etc. Co.* v. *Tarkington*, 27 Tex. Civ. App. 353; *Goddard* v. *Grand Trunk Ry. Co.*, 57 Me. 202; *Chesapeake & Ohio Ry. Co.* v. *Francisco*, 149 Ky. 307; *Cove* v. *Seaboard Air Line Ry. Co.*, 94 S. C. 282; *Adams* v. *Southern Ry. Co.*, 103 S. C. 327; *Lipman* v. *Atl. Coast Line*

R. Co., 93 S. E. 714; Craker v. C. & N. Ry. Co., 36 Wis. 657; Elliott, Railroads, sec. 1591c.

As the basis of the action is the insulting and humiliating conduct of the conductor, including the language used by him, not merely the words spoken by him on the occasion, the declaration is sufficiently definite in its charges. Its averment of the facts, without a recital of the evidence, amply suffices. Good pleading omits mere evidential facts. The conductor's demeanor toward the plaintiff may have been more vexatious and humiliating than his words. It is alleged that he called the plaintiff in a loud, disrespectful, discourteous, violent and insulting manner, and confronted him and took the package from him, in an angry, willful, wanton, malicious, insulting and violent manner. The case is not in any sense analogous to that of a statutory action for insulting words. Enough has been said on the subject of the right of action, to make this clear. In an action by a passenger against a carrier, for permitting other passengers to insult and humiliate her by the use of offensive language in her presence, it suffices to charge that such language was obscene, vulgar, profane and indecent, without an averment of the words used. St. L. Southwestern etc. Ry. Co. v. Wright, 33 Tex. Civ. App. 80.

If the existence of an injunction inhibiting the railroad company from permitting passengers to carry liquors on its trains would justify the treatment to which the plaintiff is alleged to have been subjected, the court could not have judicially known a certain railroad was operating under such an injunction. Pickens v. Coal River Boom Co., 66 W. Va. 10; 15 R. C. L., p. 1111. Tit. Judicial Notice, sec. 42 et seq. The fact was not disclosed by the declaration, in any way.

The judgment will be reversed, the demurrer overruled and the case remanded.

*Reversed, demurrer overruled, remanded.*