# CHARLESTON.

E. P. WILLIAMS *v.* BALTIMORE & OHIO RAILROAD COMPANY

(No. 5088)

Submitted February 10, 1924.   Decided May 12, 1925.

1. CARRIERS—*Railroad Company is Required to Use Only Reasonable Degree of Care for Comfort of Passengers.*

   An instruction is erroneous which states that a railroad company is required to use the utmost care, human skill, diligence and foresight for the comfort of its passengers; a reasonable degree of care only being exacted of public carriers in this respect.   (p. 155).

   (Carriers, 10 C. J. §§ 1234 [1926 Anno.] 1292).

2. SAME—*Passengers Must Use Reasonable Diligence and Care Boarding and Alighting from Conveyance.*

   Passengers for carriage by railroad or other means of transportation must use reasonable diligence and care in boarding and alighting from the conveyance. (p. 155).

   (Carriers, 10 C. J. §§ 1493, 1496).

   NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Error to Circuit Court, Roane County.

Action by E. P. Williams against the Baltimore & Ohio Railroad Company.   Judgment for plaintiff; and defendant brings error.

*Reversed and remanded.*

*Harper & Baker,* for defendant in error.
*S. P. Bell,* for plaintiff in error.

LITZ, JUDGE:

The defendant, Baltimore & Ohio Railroad Company, complains of judgment on a verdict for $300 against it in favor of the plaintiff, E. P. Williams, as damages resulting to him by reason of the alleged negligence of defendant in failing properly to transport plaintiff as a passenger from Ravenswood to Spencer, West Virginia.

Sunday evening, December 3, 1922, the plaintiff and his wife boarded the passenger train of defendant at Ravens-

wood on their way to Spencer. He had been informed before leaving that the train could not reach Spencer by reason of a wreck on the railway, but that passengers for destinations beyond the point of the wreck, which was about eighteen miles of Spencer, would be conveyed from there. by automobile. Before the departure of the train from Ravenswood the conductor had ascertained that there would be approximately eighteen persons for destinations beyond the wreck and so reported to the train dispatcher. The agent at Spencer also being notified, procured for the transportation of these passengers five automobiles: three five-passenger Fords, one five-passenger Dodge, and one seven-passenger Buick. The train, scheduled to leave Ravenswood at .4:05 p. m., left about 5:30, reaching the place of the wreck sometime after dark. When the train stopped near the public road, the passengers were requested to remain therein awaiting the arrival of the taxies.

Plaintiff testifies that after the cars had arrived the passengers were advised by some one in charge of the train that there would be sufficient room in them for all; that he alighted from the train with his wife and three bags, and while assisting her into one of the cars the rest departed, leaving him and three other men passengers standing near the train; that no one offered or attempted to secure him a seat in any of the taxies; that after the departure of the automobiles the brakeman on the train said to him and the other three passengers, "How are you fellows going to get out?" to which plaintiff replied, "That is up to the Railroad Company"; that the brakeman then stated he would speak to the conductor, and having done so, the latter called "come on" or "get on," whereupon the bell was rung and the train pulled out, while plaintiff was standing only a few feet therefrom. Witnesses for the defendant testify that the baggageman, Anderson, helped passengers into the automobiles and directed plaintiff personally to a five passenger car in which were two men and a boy in the front seat, and one man with some baggage in the rear one; that the plaintiff refused to get in the car, on account of the baggage, although it would have accommodated two more passengers; that several of the other cars afforded space for additional passengers, and that op-

portunity was given all to secure seats; that after the taxies had departed plaintiff and the three other passengers were invited by the conductor to accompany him on the train to Meadowdale, a nearby town.

The plaintiff and two of the other three men walked about a mile and a half to the village of Duncan, where they hired an automobile to Liverpool, and from there the plaintiff was carried by another automobile, arriving at Spencer after midnight.

The plaintiff says that he was just recovering from the "flu" and was very weak and nervous; that he became chilled after getting off the train and experienced an unenjoyable ride to Spencer; that his temperature was above normal for several days subsequently and after going to work in Oklahoma on February 4, 1923, he lost four days on account of illness; that between the last of January and the date of trial, September 26, 1923, he had lost forty days from his work due to sickness; and that he thinks his alleged impairment of health is *partly* due to exposure on the occasion in question.

All the assignments of error may be considered under the objections to the four instructions granted on behalf of plaintiff. No. 1 of these instructions told the jury that a railroad company is required to use the "utmost care, human skill, diligence and foresight" for the "*comfort* and safety" of its passengers. The law exacts no such duty of a public carrier respecting the *comfort* of a passenger. "He is entitled to *reasonably* comfortable carriage and courteous treatment." *John* v. *Baltimore & Ohio Railroad Co.,* 82 W. Va. 149, 95 S. E. 589; *Norfolk & Western Railway Co.* v. *Birchfield,* 105 Va. 809, 54 S. E. 879; 10 C. J. 803.

Passengers for carriage by railroad or other means of transportation must use reasonable diligence and care in boarding and alighting from the conveyance.

No. 2 of plaintiff's instructions was to the effect that if the plaintiff is entitled to recover, the jury should take into consideration as one element of damages "his state of health and how he was affected by exposure to cold." This instruction is plainly wrong. Plaintiff may be entitled to recover expenses incurred in reaching his destination, without

more, if, as the evidence on behalf of defendant indicates, he, by the exercise of reasonable care, could have avoided the alleged injury to his health. If the plaintiff had not been given opportunity, as he claims, to secure passage on the taxies, then, according to the defendant's witnesses, he could have returned on the train to Meadowdale and remained over night or secured passage from there direct to Spencer.

Instruction No. 3 charged the jury that the defendant ''Was required to exercise the same care, skill, diligence and foresight in arranging for and carrying out the transportation of plaintiff by automobile as it, said defendant, was required to use and exercise in transporting plaintiff by train.'' This is an improper charge if for no other reason than that it necessarily requires of defendant the unusual degree of care, human skill, diligence and foresight for the comfort of passengers stated in Instruction No. 1.

The judgment of the circuit court is reversed, verdict set aside and a new trial awarded.

*Reversed and remanded.*