INTERNATIONAL ELECTRIC CO. v. SAN-
CHEZ et al.  (No. 6042.)

(Court of Civil Appeals of Texas.  San Antonio.
May 22, 1918.  Rehearing Denied
June 12, 1918.)

1. ELECTRICITY ⬨⬨⬨19(5)—PERSONAL INJURY—
PROXIMATE CAUSE—EVIDENCE.

Evidence *held* to show that act of defendant
electric company, in sending a heavy current
over a wire known to be uninsulated and with-
in easy reach, was the proximate cause of the
death of plaintiffs' intestate.

2. ELECTRICITY ⬨⬨⬨19(10)—INJURIES—KNOWL-
EDGE OF DEFECTS.

Where an electric company knew that the
insulation was burned off of a wire on the prem-
ises of a user, beyond its meter, and sent a cur-
rent over the same of such voltage as to cause
death to a person coming in contact therewith,
the jury was authorized to find that it was
negligent.

3. ELECTRICITY ⬨⬨⬨16(7)—PERSONAL INJURY—
PROXIMATE CAUSE—INTERVENING EFFICIENT
CAUSE.

The fact that the owners of the building
knew of the uninsulated condition of a wire
and failed to remedy the defect cannot be *held*
such an intervening cause of the death of one
coming in contact therewith as to require a
finding that the negligent act of the electric
company in sending a high voltage current over
the wire after knowledge of its condition was
too remote.

4. ELECTRICITY ⬨⬨⬨19(12)—PERSONAL INJURY
—CONTRIBUTORY NEGLIGENCE.

Where deceased had no knowledge of the
existence of an uninsulated wire and stepped
upon a parapet in a building, which act in-
volved no danger had the wire not been there,
and he was not then trespassing to any appre-
ciable invasion of the rights of any other per-
son, he was not guilty of contributory negli-
gence as a matter of law.

Appeal from District Court, Maverick
County; Joseph Jones, Judge.

Suit by Francisca Bernal de Sanchez and
others against the International Electric
Company.  Judgment for plaintiffs, and de-
fendant appeals.  Affirmed.

Sanford & Wright, of Eagle Pass, for
appellant.  David E. Hume, of Eagle Pass,
and Lewright & Douglas, of San Antonio, for
appellees.

MOURSUND, J.  The appellees, surviving
widow and children of Pedro Sanchez, de-
ceased, filed this suit in the district court
against International Electric Company, ap-
pellant, to recover damages resulting from
the death of Pedro Sanchez, alleging in sub-
stance that appellant was engaged in gener-
ating electric current for light and power
purposes in the city of Eagle Pass, and in
furnishing such current to the residents of
the city; that one of the customers was the
Lyman Drug Company, engaged in the busi-
ness of selling, among other things, ice cream
and soda water; that the premises occupied
by said drug company were wired so as to

utilize the electric current for lighting pur-
poses, power for operating fans, and turning
ice cream freezers, etc.; that an electric wire
taking current furnished by appellant into
the building occupied by said drug company
became damaged by fire and the insulation
of the wire was burned off, thereby exposing
the live wire and rendering same dangerous
to persons on or about the premises, and that
some of the supports were burned away,
thereby allowing the wire to sag and hang so
low as to be within the ordinary reach of a
standing person; that appellant knew of
these conditions and of the danger incident
thereto; that notwithstanding this knowledge
the appellant failed to inspect, repair, and re-
place the wire, but continued to furnish cur-
rent thereon for use in the building; that
the appliances and equipment of appellant
permitted the electrical current so furnished
over said wire to be of a dangerous voltage
and in excess of that reasonably necessary
for light and power requirements of the drug
company; that the deceased, Pedro Sanchez,
went upon the premises of said drug company
for a lawful errand, to wit, to purchase some
flavoring extracts from the drug company,
and while there and so engaged he came in
contact with this exposed electric wire and
was killed by the shock.

The defendant pleaded the general denial,
and specially pleaded in substance, that the
electrical equipment on said premises, and at
the place where the deceased lost his life, was
installed, owned, and controlled by the drug
company; that the ownership, control, and
dominion of the equipment of appellant ex-
tended to the meter at the edge of the prem-
ises; that all this equipment, including the
place where deceased came in contact with
the wire, was beyond the meter; that the de-
ceased was guilty of contributory negligence,
in that at the place where he received his in-
jury the wire was elevated to the extent that
it was beyond the reach of a man standing on
the ground or passageway; that a person on
said premises pursuing a lawful errand,
such as plaintiffs alleged, would not come in
contact with the wire; that deceased exceed-
ed the scope of any invitation he may have
had and elevated himself above the ground or
passageway by stepping upon a parapet wall
(which wall was constructed and used for no
other purpose than to protect the sides of a
stairway leading into the basement, and no
one had ever used or been permitted to use
the same for the purpose of standing thereon,
and any one so doing assumed the attitude of
a trespasser), or that deceased elevated him-
self in some other manner unknown to de-
fendant, and in so doing exceeded the scope
of any invitation he may have had; that it
was only after the deceased had elevated
himself as herein alleged that he came in
contact with the wire; and that in so doing
he was guilty of contributory negligence, con-

tributing as a proximate cause of his injury.

The case was submitted on special issues, in answer to which the jury found that defendant had notice before the day of the death of Sanchez that the wire with which he came in contact and which caused his death was uninsulated; that defendant was negligent in permitting electricity to be transmitted over the uninsulated wire; that said negligence was the proximate cause of the death of Sanchez; that the wire was not a part of the electric supply system of defendant; that Sanchez was not guilty of contributory negligence in getting in contact with the wire; that the wire was high enough above the ground and passageways to be perceptibly beyond the reach of a man of the height of deceased while passing under the wire; that deceased stepped upon the parapet wall and came in contact with the uninsulated wire on account of elevating himself in such manner; and that Ed. Watkins installed the wiring for J. B. White at the place where deceased was killed. The damages were assessed at $4,000, apportioned among the several plaintiffs. The court entered judgment upon such verdict, awarding to each plaintiff the sum awarded in the verdict.

[1] By the first assignment it is contended that the evidence does not support the finding that the negligence of defendant was the proximate cause of Sanchez's death. As the jury by its verdict established as a fact that the wire was high enough above the ground to be perceptibly beyond the reach of a man of deceased's height, and that deceased stepped upon the parapet wall and came in contact with the uninsulated wire on account of doing so, appellant's theory is that such facts as a matter of law establish that any failure to repair the wire or negligence in sending electric current through the same could not have been the proximate cause of the injury, because defendant could not have foreseen that a person would probably be injured thereby under circumstances similar to those surrounding deceased at the time. Of course the facts found by the jury must be taken as true, and the question is whether the evidence as a whole, taking such facts as true, fails to support the finding that the negligence of defendant was the proximate cause of the injury. The determination of the question involves the consideration of all the evidence bearing on the question, and the weight to be attached thereto, and, as suggested by our Supreme Court, the question is generally one for the jury. The two facts established by the verdict of the jury cannot be given conclusive force, for they leave undetermined the issue whether it should have been foreseen as probable that some person would stand upon the parapet and come in contact with the wire. The accident occurred in a much-used passageway; the parapet wall was in this passageway, with an ice crusher upon it, and a sink for general washing purposes in close proximity, and

stairways leading into the basement and to the upper story were also in this region. The parapet wall was low, only 12 inches above the level of the landing at the rear door of the drug store, and the top step of the adjacent basement stairway and only 19 inches above the ground. The danger was so apparent that employés working in the drug store had tied the wire higher, using a string which did not hold it long, and it again sagged. Mr. White testified that he stood on the parapet dozens of times. This would show that it was easy to get on the parapet, but the way in which it was constructed and its dimensions show that persons would probably step upon it. In fact, White referred to it as a little walk, but quickly corrected this by saying it was not a walk and he did not know the technical name for it. The evidence shows that such a parapet, at a place much frequented, would very probably be used, either for the purpose of seeing at a distance, or idly with no particular purpose in view. The wire was sagging and the insulation had burned off, and reasonable prudence would have dictated to appellant that in view of the little parapet there was great danger of some one coming in contact with the wire. In view of all the testimony, we conclude the jury was authorized to find that the negligence of appellant was the proximate cause of the death of Sanchez, notwithstanding the fact that he stepped upon the parapet.

[2, 3] Appellant makes the following contention under the second, third, and fourth assignments:

"It appearing from the undisputed evidence as well as from the special verdict that the electrical equipment at the place where the deceased received the shock had been installed and was owned and controlled by the Lyman Drug Company, and, notwithstanding any knowledge appellant may have had of the fact that the insulation had been burned off the wire at this place, the appellant owed no duty to repair the wire and could not be held guilty of negligence in delivering current through the meter to this equipment; it appearing from the evidence that all the facts and circumstances were known to the Lyman Drug Company and to J. B. White, the owner thereof."

As the appellant company knew the insulation had been burned off of the wire, and sent a current over the same of such voltage as to cause death to a person coming in contact therewith, the jury was authorized to find that it was negligent. Curtis on Electricity, § 417; Smith v. Middlesboro, 164 Ky. 46, 174 S. W. 773, Ann. Cas. 1917A, 1164; Hofman v. Leavenworth, 91 Kan. 450, 138 Pac. 632, 50 L. R. A. (N. S.) 574. The fact that the owners of the building knew of the condition of the wire and failed to remedy the defect cannot be held to be such an intervening cause of the death of Sanchez as would require a finding that the negligent act of appellant was too remote. In view of appellant's knowledge of the condition of the wire it was negligent in sending a high voltage

current over it, and there was an unbroken connection between such negligence and the death of Sanchez.

[4] By the fifth assignment appellant complains of the finding that Sanchez was not guilty of contributory negligence, and submits the following proposition:

"The evidence is uncontroverted that in stepping upon the parapet deceased exceeded the scope of his invitation and was therefore a trespasser, and was guilty of contributory negligence as matter of law, because the evidence failed to show anything to excuse him from the blame of contributory negligence; on the contrary, it affirmatively appears that the circumstances did not excuse him from the blame of contributory negligence."

No objection was made to the submission of the issue of contributory negligence, nor was the peremptory instruction asked on the theory that contributory negligence was shown as a matter of law. But, aside from this, it appears to us that the jury's finding in answer to the issue whether Sanchez was guilty of contributory negligence is supported by the evidence. The statements referred to under the assignment contain no evidence tending to show that Sanchez had any knowledge of the existence of the wire or that he was guilty of negligence in coming in contact therewith, unless such negligence be shown by the sole fact that after coming out of the drug store on a business errand he stepped upon the parapet. The theory appears to be that he exceeded the scope of his invitation by such act and became a mere licensee, and that if it be established that he became a mere licensee it follows as a matter of law that he was guilty of contributory negligence. The act of stepping upon the parapet, whether for the purpose of seeing at a distance, or whether in idle sport, was not an act which involved any danger had the wire not been there, and it was not a trespass such as amounted to any appreciable invasion of the rights of any other person. There was nothing in such act of stepping on the parapet from which want of care could be deduced as a matter of law. The rules governing the question have been well stated in sections 97 and 98 of Shearman & Redfield (6th Ed.) on the Law of Negligence, and we think it is clear that when such rules are applied to the facts of this case it cannot be held that Sanchez was guilty of contributory negligence as a matter of law. As pointed out by the author referred to, the question whether defendant owed any duty to persons in Sanchez's situation which it had neglected to perform is an entirely different matter from that of contributory negligence.

There being no merit in the three contentions urged in the brief, the judgment will be affirmed.