McLENNAN ELECTRIC COOPERATIVE, INC., Appellant,

v.

Bobby SIMS, Appellee.

No. 4197.

Court of Civil Appeals of Texas.

Waco.

March 5, 1964.

Rehearing Denied April 2, 1964.

line from a tenant house on his farm (and upon which was located the meter), 150 feet to a water well; that defendant failed and refused to do so, but provided S. B. Sims with the materials in order that he might extend the line to the well himself; that such materials were defective; that Sims constructed the line himself, but realized it was in an unsafe condition, and requested defendant to place the line in a safe condition, which defendant did not do. Plaintiff alleged that defendant was negligent in not constructing the line to the well; in supplying wire which was not properly insulated; in delivering current through an improperly insulated wire; and in delivering current through an improperly constructed line. Plaintiff further alleged that defendant knew of the dangerous condition of the line; that such line fell across a barbed wire fence energizing it; and that on September 11, 1961 plaintiff's horse was found electrocuted and dead against the fence.

Defendant filed general denial; and specially denied that it was under any duty to run the line to the well; that plaintiff's father was guilty of negligence in constructing the line, and that such negligence was imputed to plaintiff; that the acts of the father were the sole cause, or a new and independent cause of the death of the plaintiff's horse; that the occurrence was the result of an act of God, or an unavoidable accident; and that plaintiff was guilty of contributory negligence.

Trial was to a jury which, in answer to issues submitted, found:

1, 2, 3) Defendant supplied defective materials to S. B. Sims to extend the power line to the water well; which was negligence; and a proximate cause of the death of plaintiff's horse.

4, 5) The electric line in question was in a dangerous condition prior to September 10, 1961; and defendant knew of such dangerous condition prior to September 10, 1961.

Jones, Boyd, Westbrook & Lovelace, O. F. Jones, III, Waco, for appellant.

Minor L. Helm, Jr., W. M. Zachry, Waco, for appellee.

McDONALD, Chief Justice.

Plaintiff Bobby Sims instituted this case against defendant Electric Cooperative for damages for the death of plaintiff's horse, which was electrocuted by an energized barbed wire fence. Plaintiff alleged that S. B. Sims (plaintiff's father), in 1954, requested defendant to extend its electric

6, 7) The continued supplying of electric current to the water well after knowledge of the dangerous condition of the line by defendant was negligence; and a proximate cause of the death of plaintiff's horse.

8, 9) Defendant's failure to remedy the dangerous condition after it had knowledge of such, was negligence; and a proximate cause of the death of plaintiff's horse.

10, 11) Defendant's failure to extend the line to the water well was negligence; and a proximate cause of the death of plaintiff's horse.

12) Plaintiff's horse had a cash market value on September 10, 1961 of $1500.

15) The act of S. B. Sims in constructing the electric line was not the sole cause of the death of plaintiff's horse.

16) S. B. Sims was not negligent in failing to warn plaintiff of the dangerous condition of the electric line.

18) The failure of S. B. Sims to warn plaintiff was not the sole cause of the death of plaintiff's horse.

19) The electric line was defective prior to the time it fell.

20) Defendant did not know of the defective wooden pin prior to the line falling.

21) The condition of the electric wire was not open and obvious to plaintiff.

22) Plaintiff was not aware of the condition of the electric line at the time he put the horse into the pasture.

23) Plaintiff should not have been aware of the condition of the electric line at the time he put his horse in the pasture.

26) Plaintiff did not fail to observe the condition of the electric line.

29, 30) The death of the horse was not the result of an act of God, or the result of an unavoidable accident.

The Trial Court rendered judgment on the verdict for plaintiff, for $1500.

Defendant appeals, contending:

1) Defendant owes no duty, as a matter of law, "beyond the meter."

2) The Trial Court erred in not finding that the acts of S. B. Sims were imputable to plaintiff.

3) There is no evidence or insufficient evidence to support the jury's findings that various acts of negligence on defendant's part proximately caused plaintiff's damage.

4) Issues 1 through 12 are not supported by the plaintiff's pleadings.

5) The Trial Court erred in failing to hold that the condition of the electric line was open and obvious as a matter of law; or that contributory negligence, or the doctrine of Volenti Non Fit Injuria, were applicable as a matter of law.

■ We revert to defendant's 1st contention, that it owed "no duty", "beyond the meter." Defendant contends it must have actual knowledge of the defective or dangerous condition "beyond the meter", before any duty on its part arises; that plaintiff's horse was killed as a result of a wooden insulator pin breaking, which allowed the electric wire to fall on the fence and electrocute the horse; and that the jury found (Issue 20) that it did not know of the defective wooden pin prior to the wire falling. We reject such contention as inapplicable under the instant facts. The record reflects, among other things, that defendant knew the line was in a dangerous condition prior to its falling, and continued to supply electricity through such line after it had such knowledge. Under such circumstances the jury was authorized to find defendant guilty of negligence proximately causing the death of plaintiff's

horse. Tri-County Elec. Coop. v. Clair, C.C.A. (n. w. h.), 217 S.W.2d 681; San Antonio Gas & Elec. Co. v. Ocon, 105 Tex. 139, 146 S.W. 162, 39 L.R.A.,N.S., 1046; Denton County Elec. Coop. v. Burkholder, C.C.A. (n. r. e.), 354 S.W.2d 639; International Elec. Co. v. Sanchez, C.C.A., Er. Ref., 203 S.W. 1164; Motsenbocker v. Wyatt, Tex., 369 S.W.2d 319; Syl. 2.

 Defendant's 2nd contention is that the Trial Court erred in impliedly finding that the acts of the father were not imputable to plaintiff. Defendant contends that under the preponderance of the evidence S. B. Sims was either the actual owner, or a bailee of the horse, and in either of which events recovery would be precluded. Defendant did not plead that S. B. Sims was either owner or bailee of the horse. Plaintiff plead the horse was his; and the evidence is uncontroverted that the horse in fact belonged to the plaintiff; and that plaintiff had fed the horse the night before its death, and then put it into the pasture where it was electrocuted.

Defendant's 3rd contention is that there is no evidence or insufficient evidence to support the jury's findings 1 through 12; and its 4th contention is that such issues are not supported by the pleadings. We think the evidence ample to support the findings; and we think the plaintiff's pleadings broad enough to support the issues complained of. Moreover, defendant did not object to any of the issues as being too general, and waived any asserted error in the form of such issues. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979.

Defendant's 5th contention is that the Trial Court erred in failing to hold that the condition of the electric line was open and obvious as a matter of law; or that contributory negligence or the doctrine of Volenti Non Fit Injuria, were applicable as a matter of law. The record reflects and the jury found on ample evidence, that the condition of the electric wire was not open and obvious to plaintiff, and that he was not aware of the condition, and that he should not have known of its condition at the time he put the horse in the pasture. He was not at home much of the time after 1954; he was several years in A. & M. College; a year in Louisiana in the Army; and was absent about 6 of the 7 years that the Sims family had lived on their farm. He had only been at home 2 or 3 days prior to the date the horse was killed. His father didn't warn him about the line, and there is no showing that he either observed or appreciated the dangerous condition of the wire. All of defendant's points and contentions are overruled and the judgment of the Trial Court is affirmed.