**COMMUNITY PUBLIC SERVICE COMPANY, Appellant,**

v.

**Raymond D. DUGGER, Appellee.**

**No. 7887.**

Court of Civil Appeals of Texas. Texarkana.

July 2, 1968.

Rehearing Denied Aug. 6, 1968.

714

———◆———

James E. Henderson, Henderson, Bryant & Wolfe, Sherman, Pat C. Beadle, Clarksville, for appellant.

Jim D. Lovett, Lovett & Fowler, Clarksville, Rafaelli, Lee & Hawkins, Texarkana, for appellee.

FANNING, Justice.

A venue case. Appellee, Raymond D. Dugger, in the District Court of Red River County, Texas, sued appellant, Community Public Service Company, a Texas Corporation, to recover damages for destruction of a barn and other buildings and contents thereof by fire allegedly proximately caused by the negligence of appellant's employees occurring in Red River County, Texas.

Appellant filed its plea of privilege to be sued in Tarrant County, Texas, the county of its residence. Appellee duly controverted the plea seeking to maintain venue in Red River County under Subsections 9a and 23 of Art. 1995, Vernon's Ann.Tex.Civ. St.

After hearing the evidence adduced, the trial court overruled the plea of privilege. Appellant has appealed.

The trial court overruled appellant's plea of privilege without making findings of fact or conclusions of law which is proper. Rule 385(e), Texas Rules of Civil Procedure.

Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3–B, Tex.Jur., Sec. 873, p. 278; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929, wr. dism.

Plaintiff-appellee in his pleadings alleged to the effect that on or about June 16, 1967, plaintiff's barn and other property described, located in the Fulbright Community in Red River County, Texas, was destroyed by fire which was proximately caused by the negligence of defendant electrical transmission corporation, its servants, agents and employees; that defendant's electrical transmission system served plaintiff's premises in the Fulbright Community in Red River County; that defendant, a corporation, maintained an agent or representative who conducted the business of defendant from an office in Bogata, Red River County, Texas; that following a thunderstorm in the Fulbright area on June 16, 1967, the defendant dispatched Birchfield, Ward and Mankins, its agents, servants and employees, to repair and restore electrical service to plaintiff's property and the area surrounding it; that defendant's agents, servants and employees discovered that the transformer which served plaintiff's property was not operating because of a blown fuse; that such employees replaced the fuse, but the transformer blew it out again and that then such employees, totally disregarding the danger involved, placed another fuse in the transformer and forced the door of the fuse box into position even though it was arcing electricity and had made a popping noise; that immediately thereafter, the plaintiff's barn, which was connected to the electrical service from said transformer, erupted into fire and was totally destroyed, together with its contents and other property nearby; that defendant, its agents,

servants or employees were negligent in the following particulars:

"1. In not checking for a short circuit in the electrical wiring on Plaintiff's property before replacing the fuse the first time.

2. In not checking for a short circuit in the electrical wiring on Plaintiff's property before replacing the fuse the second time.

3. In forcing the door of the fuse box shut while electricity was arcing around inside the fuse box.

4. In failing to check the Plaintiff's electrical wiring for a short circuit after the fuse box had made a "popping" noise.

Each of the above were a proximate cause of the damages to the Plaintiff's property."

■ Plaintiff offered both direct and circumstantial evidence with respect to the negligence charged against defendant. Plaintiff's proof with respect to the issues of proximate cause was circumstantial. Of course the issues of both negligence and proximate cause may be proved by circumstantial evidence. Henderson et al. v. Willmon, Tex.Civ.App., 407 S.W.2d 24, wr. dism.

Appellant, among other contentions, contends to the effect that there was "no evidence" and alternatively that there was "insufficient evidence" to support the trial court's implied findings of negligence and proximate cause in support of the order overruling appellant's plea of privilege.

■ With respect to the "no evidence" questions, viewing the evidence most favorably in support of the judgment, as we must, there was evidence of probative force to the following effect: On June 16, 1967, appellant (a corporation, with a legal agent in Red River County, Texas) sent some of its employees to the Fulbright Community in Red River County, Texas,

to repair electrical equipment that had been damaged. The employees discovered that a transformer fuse on one of appellant's service poles had been blown out and that the electrical service from that transformer was off at the time. Four customers, one of which was plaintiff Dugger, were served by this transformer. The pole where the transformer had blown a fuse was located 50 to 75 feet from plaintiff Dugger's barn and Dugger's electrical service was connected to that pole. Appellant's employees removed the blown fuse and replaced it with another fuse which immediately blew out and produced a popping noise which according to one of appellant's employees indicated that a short circuit existed. One of appellant's employees then climbed the service pole and disconnected the electrical lines from the customers' premises to the transformer in order to determine whether a short circuit existed in the transformer itself. No short circuit was found in the transformer and it was working correctly so the customer-line wires were re-attached to the transformer and a second replacement fuse was attempted to be put in place and this attempt caused electricity to arc and jump around inside the fuse box and next appellant's employee who had climbed the pole then forced the door of the fuse box shut. Next within a matter of minutes, and while appellant's employee was still on the electrical service pole, a fire broke out inside Mr. Dugger's barn and spread rapidly over the entire barn area and the barn and other buildings and contents were burned. Appellant's employees testified that no lightning was popping or striking in the area of Mr. Dugger's barn during any of the time that they were working there.

It was also undisputed that Mr. Dugger's electrical meter was located on the pole that appellant's employees were working on, *and that Birchfield, defendant's employee in charge of the operation and work in question, had actual knowledge that Mr. Dugger's barn had no fuse protection from electrical short circuits.* Also as herein-

after related in more detail appellee introduced in evidence a burned out wire which indicated he had a short circuit in his line.

The law exacts a duty from those who handle electricity to protect those who come in proximity therewith, and this duty is proportionate to and commensurate with the dangers involved. Texas Power & Light Co. v. Holder, Tex.Civ.App., 385 S.W.2d 873, wr. ref., n. r. e.

Negligence on the part of an electric company consists in a breach of the duty to exercise reasonable care and diligence in preventing injuries to persons or property. An electric company's negligence, independent of statute, may consist of either an act or omission, and whether a given state of facts constitutes negligence depends upon what a reasonably prudent person would have done under the existing circumstances. In this connection see 21 Tex.Jur.2d 497–9 and authorities cited therein.

We think that under this record there was evidence of probative force to show negligence on the part of defendant's employees. When appellant's employees replaced the blown fuse they found on arrival it also blew out immediately and they testified that this indicated to them that a short circuit existed. Thereafter, they tested defendant's transformer and determined that no short circuit existed therein. However, even with the knowledge that a short circuit existed in the line somewhere, the appellant's employees did not attach each of the four customer's lines separately to the transformer to locate short circuits in customers' lines. Instead of taking this precautionary measure and checking or inspecting the four customers' lines attached to the transformer, appellant's employees simply installed a second replacement fuse and forced the door of the fuse box shut while electricity was arcing in the fuse box itself which re-energized the lines to Mr. Dugger's barn. Appellant's employees knew the dangers inherent in an electrical short circuit and yet with knowledge of a short circuit being in one or more of the customers' lines *and having actual knowledge that Mr. Dugger's barn had no fuse protection from a short circuit,* appellant's employees, we think carelessly and negligently re-energized Mr. Dugger's line with electricity. We think that if appellant's employees had been reasonably prudent under such circumstances, with the knowledge they then had of the situation, that they would have located the short circuit and would at least have advised the person on whose line the short circuit existed of the same before delivering electricity through such lines, and furthermore having actual knowledge that Mr. Dugger had no fuse protection from a short circuit, such employees should have certainly tested Mr. Dugger's line which they could have easily done while working on their own transformer on their own pole, without having to go on to Mr. Dugger's premises, and certainly should not have re-energized Mr. Dugger's line, without notifying Mr. Dugger of the situation. We hold there was evidence of probative force to show negligence on the part of appellant's employees and that the same was amply sufficient to support the implied findings of negligence on the part of the trial court. No cases exactly in point are cited and none have been found. However, we think the cases listed below are supportive of the view that appellant's employees were negligent, to-wit: Craft v. Pocahontas Corp., 118 W.Va. 380, 190 S.E. 687; McLennan Electric Co-operative, Inc. v. Simms, Tex.Civ.App., 376 S.W.2d 924, wr. ref., n. r. e.; Denton County Electric Co-operative, Inc. v. Burkholder, Tex.Civ. App., 354 S.W.2d 639, wr. ref., n. r. e.; Texas Electric Service Co. v. Anderson, Tex.Civ.App., 55 S.W.2d 142, wr. dism.; International Electric Co. v. Sanchez, Tex. Civ.App., 203 S.W. 1164, writ ref.; 21 Tex.Jur.2d, Electric Companies, Section 21.

Appellant's contention that it should be relieved of liability due to its service contract with appellee quoted in its brief

is deemed to be without merit. It is asserted by appellant that it cannot be liable because it had no right to go on to the customer's premises except to install connections, and read the meter, etc. Appellee Dugger does not contend that the appellant had the duty to go on to his property and inspect and repair his wires but merely had the duty to locate on which of the four customers' lines the short circuit existed, since appellant had actual knowledge that Dugger had no fuse protection from a short circuit, and that any attempt to contract such an exemption is contrary to public policy and unenforceable. Lone Star Gas Co. v. Veal, Tex.Civ.App., 378 S.W.2d 89, wr. ref., n. r. e. It is therefore clear that under the facts in this case the service contract is of no relevance concerning the negligence of appellant.

Appellee Dugger introduced circumstantial evidence to show that the negligent acts of appellant, its servants, agents and employees, were proximate causes of the fire in question and resulting damages to appellee Dugger.

Appellee Dugger introduced in evidence a wire taken from a conduit that ran from outside the barn to appellee's switch box inside appellee's barn. Appellant's employees testified that the wire showed a short circuit and was in such a condition as to produce sparks. Appellant in its brief theorizes that lightning probably started the fire. Although there had been a storm in the Fulbright area prior to appellant's employees going to that area to restore electrical service, the weight of the evidence is to the effect that the storm had been over for some time and appellant's employees also testified that during all the time that they were near appellee's barn and working on the transformer pole about 50 or 75 feet from appellee's barn and doing repair work that no lightning occurred. In this connection appellant's employee in charge of the repair work, Bobby Birchfield testified in part as follows:

"Q. And there hadn't been lightning since you-all had been out there?

A. No, Sir, not at that location."

■ Prior to the fire appellant's employees had been working on their transformer on their service pole near appellee's barn as above shown, long enough to make one replacement of the fuse, have it blow, climb the electrical pole, disconnect all the customer-lines and test the transformer, re-connect the customer-lines, jam the fuse box shut while it was arcing electricity, and appellant's employees had also had time to go back down the road to another customer's home to inquire if his electrical power was on. We think appellant's theory that lightning probably started the fire is discounted and negatived by the testimony of appellant's own employee witnesses as well as by the circumstances of the case.

Appellant in its brief also theorizes to the effect that no short circuit existed at all because the second replacement fuse was not blown out. We think this theory and probability is considerably discounted by the testimony of appellant's employee witnesses who admitted that the wire in question could have been burned down to a small strand and thereafter "burned in the clear" without blowing the replacement fuse.

The circumstance that the fire erupted very shortly after the door of the fuse box on appellant's transformer was shut while electricity was arcing therein and making a popping sound, with appellee's barn being about 50 or 75 feet away from appellant's transformer, and coupled with appellant having knowledge that a short existed in one of its customers' lines, and coupled with appellant having actual knowledge that appellee Dugger had no fuse protection against a short circuit, and with all the other circumstantial evidence in the case, tends to show that the fire in question was in reasonable probability proximately caused by the negligent acts of appellant, its servants, agents and employees.

As hereinbefore stated circumstantial evidence may be used to establish proximate cause. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635. The case of Collier v. Hill & Hill Exterminators, Tex. Civ.App., 322 S.W.2d 329, 73 A.L.R.2d 1141, while not factually similar to the case at bar, does clearly set out the rule of law applicable to the use of circumstantial evidence in showing proximate cause. In *Collier* the defendants had applied some phosphorous paste in and around the plaintiff's home and on some studs in plaintiff's garage to kill roaches. Plaintiff's young child shortly thereafter became ill and died and an autopsy revealed poison. The court found negligence against defendant, however the serious question was whether there was evidence to show causation. No direct evidence was introduced as to where the child got the poison. Defendant contended the child could have gotten the poison when the family went on a trip, at a baseball game, at her uncle's house, at the grocery store, at a neighbors or most importantly from another part of the house where the defendant had applied the poison in a non-negligent manner. The court stated in part as follows:

"If a cause is shown that might produce an event and it being shown that an event of that particular character did occur, it may be inferred that the known possibility produced the result. Plaintiff is not required to exclude an appreciable chance that the event might have occurred in some other way. Expressed otherwise, a conclusion of casual connection may be inferred by a *balance of probabilities.*" (Emphasis supplied).

The court in *Collier* held that it was reasonably probable that the child got the poison in the garage where paste had run down to be accessible to her.

In Athens Canning Co. v. Ballard, Tex. Civ.App., 365 S.W.2d 369, a venue case, plaintiff had purchased a can of peas and claimed to be injured by biting upon a burr in the peas. The defendant alleged that no evidence showed where the burr came from and that it could have come from other food plaintiff was eating or from the seasoning plaintiff added to the peas. The court stated that circumstantial evidence is sufficient if on a basis of the probabilities it establishes the existence of the ultimate fact. The court found that it was reasonably probable that the burr came from the peas and the trial court's order sustaining venue under Subdivision 23 was affirmed.

It was not incumbent upon the plaintiff-appellee to exclude every reasonable hypothesis that the damage was caused by something other than the negligence of defendant-appellant herein. Sam White Oldsmobile Co. v. Jones Apothecary, Inc., Tex.Civ.App., 337 S.W.2d 834, wr. ref., n. r. e.; McMillen Feeds, Inc. of Texas v. Harlow, Tex.Civ.App., 405 S.W.2d 123, wr. ref., n. r. e. The Jones Apothecary case, supra, was a case wherein an automobile owner sued an automobile dealer to recover for damage to his automobile by fire which broke out under the dash when effort was made to start the automobile about three weeks after its purchase; the court in this case held that the burden was on the owner to show that the dealer's negligence (due to faulty repair of electrical wiring) probably caused the fire but that the owner was not required to exclude every reasonable hypothesis that the damage was caused by something other than the negligence of the dealer. The court further held that the circumstantial evidence sustained findings of negligence in repair of the automobile and that such negligence was the proximate cause of the fire and damage to the automobile. We quote in part from the court's opinion in *Jones Apothecary* as follows:

"Proximate cause may be established, the same as any other element of a cause of action, by circumstantial evidence. Bock v. Fellman Dry Goods Co., Tex.Com. App., 212 S.W. 635; Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d

695, error ref.; Tex.Jur., Vol. 30–B, Sec. 158. In applying the rule, it is held that if a cause is shown that might produce an event and it being shown that an event of that particular character did occur, it may be inferred that the known possibility produced the result. Plaintiff is not required to exclude an appreciable chance that the event might have occurred in some other way. Expressed otherwise, a conclusion of casual connection may be inferred by a balance of probabilities. Bock v. Fellman Dry Goods Co., supra."

The most reasonably probable theory for the cause of the fire under the record in this case is the theory advanced by appellee and impliedly found by the trial court. The theory of lightning causing the fire is discounted and negatived by the testimony of appellant's employee witnesses. Other theories, other than the theory advanced by plaintiff-appellee, are at best only guesswork surmises of possibilities. After balancing all of the probabilities, we think the theory of plaintiff-appellee as to the cause of the fire, and impliedly found by the trial court, is the most reasonable probability for the cause of the fire under the record in this case. We hold that there was evidence of probative force and that the same was sufficient to sustain the trial court's implied finding that the negligent acts of appellant, its servants, agents and employees, in the respects complained of, were proximate causes of the fire in question and ensuing damages to plaintiff-appellee.

All of appellant's points and contentions have been considered and are overruled.

We hold that the trial court correctly overruled defendant-appellant's plea of privilege and that venue of this cause was properly maintainable in Red River County, Texas, under Subdivisions 9a and 23 of Art. 1995, V.A.T.C.S.

The judgment of the trial court is affirmed.